Statutory Documents
P.O.Box 12887
Austin, Texas 78711-2887



Geoffrey S. Connor
Secretary of State

## Office of the Secretary of State

### Packing Slip

**August 12, 2004**

Page 1 of 1

Russell J. Reger
12071 FM 3522
Abilene TX 79601 - 8799

**Batch Number:** 6735963          **Batch Date:** 08-12-2004

**Client ID:** 87675710
**Return Method:** Mail

| Document Number | Document Detail | Fee |
|---|---|---|
| 67359630002 | Certificate | $10.00 |
| | **Total Document Fees** | $10.00 |

| Payment Type | Payment Status | Payment Reference | Amount |
|---|---|---|---|
| Check | Received | 7515 | $10.00 |
| | | **Total Payments Received** | **$10.00** |
| | | **Total Amount Charged to Client Account** | $0.00 |
| | | **Total Amount Credited to Client Account** | $0.00 |

*Note:* This is not a bill. Please do not send any payments until the monthly statement is received.
Any amount credited to Client Account may be refunded upon request.
Refunds (if applicable) will be processed upon Request.
Acknowledgement of Filing Document(s) (if present) is attached.

User ID: CCASAREZ





# The State of Texas
## Secretary of State

I, GEOFFREY S. CONNOR, Secretary of State of the State of Texas, DO HEREBY

CERTIFY that a diligent search of the records filed pursuant to T.A.C. § 73.71 has found Oath of

Office filings for James K. Walker, as Judge, 286th Judicial District, dated February 24, 1984;

December 6, 1984; and January 1, 1987.

The acceptance of a document for filing or the issuance of a certificate does not constitute approval or confirm the validity of the office of any individual on the certificate. The certificate evidences only that the document in question has or has not been filed, and does not constitute a conclusion that the document should have been filed.

Date Issued: August 12, 2004

GSC/ST/cc



Geoffrey S. Connor
Secretary of State





# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

August 21, 2003

Mrs. Gaye N. Garner
5302 Guava Dr.
Harlingen, Texas  78552

Dear Mrs. Garner:

The Office of Court Administration received your letter addressed to Jerry L. Benedict, its former administrative director, requesting information on Judge James K. Walker's assignment to the Tarrant County Criminal District Court No. 3 during 1996 and 1997.

The Office of Court Administration is not the custodian of records for any of the documents you are requesting.  I regret that you were misinformed by the Secretary of State's office in this regard.  Both types of documents you are requesting are maintained by the presiding judges for the administrative judicial regions.

There are nine administrative judicial regions in Texas.  Judge Walker is assigned by the 9th Administrative Judicial Region; the presiding judge is The Honorable Kelly G. Moore. You may contact him at 500 W. Main, Room 204W, Brownfield, Texas 79316.  The phone number is 806/637-1329.

The presiding judge of each region maintains a list of retired and former judges who are available for assignment.  An order of assignment, signed by the presiding judge, is the authorization for the visiting judge to act.  When you ask for "records (filings) of Senior/Former/Visiting Judge James K. Walker's assignment to the CDC3", I believe you are referring to the order of assignment.

In this case, because Tarrant County is in a different region (the 8th) from Judge Walker's usual region, the records for the order of assignment may be kept in the region to which he was assigned.  The presiding judge of the 8th Administrative Judicial Region is The Honorable Jeff Walker.  You may contact him at Tarrant County Justice Center, 401 West Belknap, 5th Floor, Fort Worth, Texas 76196.  The phone number is 817/884-1558.

Oaths of office for visiting judges are also maintained by the presiding judges.  (The Secretary of State maintains the records of oaths for active judges).

Mrs. Gaye N. Garner
August 21, 2003
Page 2

We are referring your request regarding orders of assignment to Judge Moore and Judge Walker, and your request regarding the oath of office to Judge Moore.

If you have any questions about the contents of this letter, please contact me. My direct phone number is 512/475-2873.

Sincerely,

*L. M. Ondrechen*

Lesley Martin Ondrechen
Paralegal

:lmo

cc:     The Honorable Kelly G. Moore
        The Honorable Jeff Walker



# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

August 21, 2003

The Honorable Kelly G. Moore
Presiding Judge, 9th Administrative Judicial Region
500 W. Main, Room 204W
Brownfield, Texas 79135

Dear Judge Moore:

The Office of Court Administration has received a request for information regarding visiting judge James K. Walker. A copy of the requestor's letter and our response is enclosed.

This agency is not the custodian of records for any of the information requested. As required by the Rules of Judicial Administration, Rule 12.6(f), we refer the request to the custodian of records as detailed in the above referenced letters. Because the assignment in question was to a court in the 8th Administrative Judicial Region, we have also referred this request to Judge Jeff Walker as it pertains to the order of assignment.

If you have any questions, or if you need any further information, please contact me. My direct telephone number is 512/475-2873.

Sincerely,

*L. M. Ondrechen*

Lesley Martin Ondrechen
Paralegal

:lmo

cc:   Mrs. Gaye N. Garner
      The Honorable Jeff Walker



# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

August 21, 2003

The Honorable Jeff Walker
Presiding Judge, 8th Administrative Judicial Region
Tarrant County Justice Center
401 W. Belknap, 5th Floor
Fort Worth, Texas 76196

Dear Judge Walker:

The Office of Court Administration has received a request for information regarding visiting judge James K. Walker. A copy of the requestor's letter and our response is enclosed.

This agency is not the custodian of records for any of the information requested. As required by the Rules of Judicial Administration, Rule 12.6(f), we refer the request to the custodian of records as detailed in the above referenced letters. Although Judge Walker is assigned through the 9th Administrative Judicial Region, because the assignment in question is to a court in Tarrant County, it is possible that you may have the records pertaining to his assignment to that court.

If you have any questions, or if you need any further information, please contact me. My direct telephone number is 512/475-2873.

Sincerely,

*L. M. Ondrechen*

Lesley Martin Ondrechen
Paralegal

:lmo

cc:  Mrs. Gaye N. Garner
     The Honorable Kelly G. Moore



# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

November 25, 2003

Shirley Carter Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644

Re:    Petition for Review under Rule 12, Rules of Judicial Administration
       The Honorable Jeff Walker, the Honorable Kelly G. Moore and the Honorable James K.
       Walker, Respondents

Dear Ms. Hooks:

We received your letter dated November 18, 2003 regarding your Rule 12 appeal.

Rule 12.4 provides that a records custodian need not respond to or comply with a request for a judicial record on behalf of a person confined in a correctional facility.   We have evidence that your request and appeal were filed on behalf of such person.  You did not refute that evidence by sending an affidavit to that effect, as requested by the presiding judges.

Accordingly, you are hereby advised that the presiding judges will take no action in this matter.  Please refer to Rules of Judicial Administration, Rule 12.4 and to Rule 12 Opinion Number 00-002, a copy of which is enclosed.

Very truly yours,

Alicia G. Key
Administrative Director

AGK:lmo

cc:    Presiding Judges
       Respondents

# Before the Presiding Judges of the Administrative Judicial Regions

## Per Curiam Rule 12 Decision

| | |
|---|---|
| **APPEAL NO.:** | 00-002 |
| **RESPONDENT:** | R. Brad Burger, Director, Smith County Department of Community Supervision and Corrections |
| **DATE:** | April 10, 2000 |
| **SPECIAL COMMITTEE:** | Judge Pat McDowell, Judge Olen Underwood, Judge B. B. Schraub, Judge David Peeples, Judge Darrell Hester, Judge Stephen Ables, Judge Dean Rucker, Judge Jeff Walker, Judge Ray D. Anderson |

The applicant is an individual who is incarcerated in a state correctional facility. To support his efforts to obtain a writ of habeas corpus, he requested copies of the presentence investigation report and the pretrial bond file kept by a probation officer in the Smith County Department of Community Supervision and Corrections. Respondent Mr. Brad Burger, the department's director, denied the request, and the applicant has filed a petition for review of this denial of access.

We need not reach the issues of whether these records are judicial records and whether they are subject to disclosure. Rule 12.4 provides that Rule 12 does not require a court, judicial agency, or records custodian to respond to or comply with a request for a judicial record from or on behalf of an individual who is imprisoned or confined in a correctional facility. Although this respondent filed a written response to the applicant, he was not required to do so by Rule 12. Similarly, the Office of Court Administration need not follow the procedures dictated by Rule 12.9 for appeals from denial of access to judicial records when the appeals are filed by incarcerated individuals. The Office of Court Administration is hereby directed to send a copy of this opinion to any such individuals who file a Rule 12 appeal.

Mrs. Shirley C. Hooks
7900 S.H. 155 N.
Gilmer, Texas 75644

November 18, 2003


Office of Court Administration
Attn: Alicia G. Key
P.O. Box 12066, Capitol Station
Austin, Texas 78711-2066

RE: The Hon. Jeff Walker & Kelly G. Moore
    Rule 12 Appeal

Dear Ms. Key,

I am writing in response to your recent letter to me in regards
to a RULE 12 Appeal that I had submitted to your Office, and was re-
ceived by you on November 4, 2003. I mailed this Appeal from    the
Post-Office here in Gilmer. The Case that I am researching, deal  in
fact, with a Case entitled: State of Texas v. Russell Jay Reger. I'm
a Tax Paying Citizen of this State and am interested in the issue of
my Tax Dollars paying for Judges whom do not adhere to Constitution-
al requirements, to hold such office. I have search Rule 12, and can
not find a section that deals with the "green card" that you discuss
and/or any specific address that must be on such. Mr. Reger does, in
fact know about my research.

It is my signature placed on the Appeal, which was sworn to  by
me, before a Notary Public. I pray that the information listed here-
in, would answer your questions as requested. I eagerly await    the
Special Committee's findings in this matter, and would pray that the
Constitution would be regarded first, over some unwritten rule.


                                        Sincerely,



# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

June 7, 2004

The Honorable James K. Walker
218 Sandalwood Lane
Levelland, Texas 79336-6816

Re:     Rule 12 Appeal No. 04-001

Dear Judge Walker:

Ms. Wyona Ard has filed a Petition for Review under Rule 12 of the Rules of Judicial Administration. A copy of her appeal is enclosed.

The presiding judges have asked me to ask you if you have originals or copies of the Statement of Appointed Officer or Oath of Office from 1991 through 1998. Apparently, the Secretary of State does not have them, and Jeff Walker, Presiding Judge of the 8th Administrative Judicial Region, does not have them. Please provide copies to me if you do have such records. If you do not, please tell me that you do not. Please mail a copy of your response to Ms. Ard.

The presiding judges have referred the petition to a special committee composed of the following judges: B. B. Schraub (Chairman), John Ovard, Darrell Hester, Dean Rucker and Stephen B. Ables.

Sincerely,

Alicia G. Key

Alicia G. Key
Administrative Director

:lmo

cc:     Special Committee
        Ms. Wyona Ard

**JAMES K. WALKER**
**Senior District Judge**
**218 Sandalwood**
**Levelland, Texas 79336**
**Phone 806-894-9036**
June 14, 2004

Ms. Margaret Bennett
General Counsel
Office of Court Administration
P. O. Box 12066
Capitol Station
Austin, Texas 78711-2066

Re: Rule 12 Appeal No. 04-001

Dear Ms. Bennett:

    Pursuant to a letter dated June 7, 2004 from Ms. Alicia G. Key, Administrative Director of the Office of Court Administration concerning the above appeal, please be advised that all oaths I have signed are on file with Hon. Kelly G. Moore, Presiding Judge of the Ninth Administrative Judicial Region, 500 W. Main, Rm 204W, Brownfield, Texas 79316. Ms. Ard needs to contact that office for the records she wants. It might be of help to her if she will state why she wants the sought information. They may also have a charge for furnishing that information.

    Hopefully that will this will satisfy the request made by Ms. Key.

Yours truly,


James K. Walker

cc:

Hon. Kelly G. Moore
Presiding Judge Ninth Administrative Judicial Region
500 W. Main, Rm. 204W
Brownfield, Texas 79316

Ms. Wyona Ard
603 S. Parkway Dr. Apt 39
Alvarado, Texas 76009-5530



# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

June 18, 2004


Ms. Wyona Ard
603 S. Parkway Dr., Apt. #39
Alvarado, Texas  76009-5530

Re:   Rule 12 Appeal No. 04-001
      The Honorable James K. Walker, Respondent

Dear Ms. Ard:

     We have forwarded a copy of the June 14 letter from Judge James K. Walker to Judge Kelly Moore.  We are confident that he will provide you with copies of documents in his possession.  While this office cannot give you legal advice, it is possible some of the documents you are seeking do not exist.

     Generally, an elected or appointed district, county, or appellate judge files the anti-bribery statement and the oath of office with the Secretary of State, who maintains those documents in that office.  The Secretary of State then issues a commission to the judge, but does not keep a copy of the commission.  The Secretary of State does not issue commissions for assigned judges, so no one would have copies of those.

     You make reference to *Prieto Bail Bonds v. El Paso*, 994 S.W.2d 316 (Tex.Ct.App.—El Paso 1999) in your petition for review.  In *Prieto*, the court held that assigned judges were required to take new oaths upon assuming their duties as assigned judges.  After that, most assigned judges did make the anti-bribery statement and file it with the Secretary of State, and took the oath of office and filed it with the assigning presiding judge.  Before 1999, many assigned judges did not execute a new anti-bribery statement or oath of office upon electing to serve on assignment.  Thus, neither the Secretary of State nor the presiding judge nor the assigned judge would have copies of anti-bribery statements or oaths of office for many assigned judges before 1999.

     For your information, two courts of appeals recently issued opinions contrary to *Prieto*. They held that assigned judges are not required to take the oaths applicable to elected and appointed officials, but that the oaths they took during their terms as active judges satisfy the constitutional requirements.  *Hennington v. State*, No. 11-97-00240-CR (Tex. App.—Eastland,

Ms. Wyona Ard
June 18, 2004
Page 2


May 27, 2004); *Delamora v. State*, No. 03-02-00557-CR (Tex. App.—Austin, February 5, 2004,
pet'n filed).

      In light of the foregoing, we are considering this matter resolved.  The Special
Committee will not take further action and no opinion will be issued.

      If you believe that a judicial officer is withholding documents that are actually in his or
her possession, you may file a Rule 12 petition for review with this office.


                                         Very truly yours,

                                         Margaret McGloin Bennett
                                         General Counsel


MMB:lmo

cc:     The Honorable James K. Walker
         Presiding Judges

Ms. Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644


August 9, 2004


OFFICE OF COURT ADMINISTRATION
P.O. Box 12066, Capitol Station
Austin, Texas 78711-2066
(512)463-1625
FAX: 463-1648

    RE: PETITION FOR REVIEW - Tex. R. Jud. Admin., Rule 12.9(a)

Dear Committee Members,

    On July 08, 2004, I made explicit Tex. R. Jud. Admin., Rule 12 REQUEST to Ms. Lorrie Parham, Court Coordinator of the 372nd Judicial District   Court of Tarrant County, Texas. See Attached heretowith. More than fourteen (14) day's have elapsed since my faxed submission was received by Ms. Parham, and she has refused to comply with the mandates required under Tex. R. Jud. Admin.,     Rule 12.6(b) and/or (f). For these reasons, I respectfully appeal to this Office  to compel Ms. Parham to comply with my Rule 12 REQUEST, or show cause to this Off-ice, as to just why it is that she cannot comply with said.

    I have evidence which proves at this time, beyond a reasonable     doubt, that FORMER / SENIOR (Special) Judge James K. Walker DID NOT have authority  to preside over proceedings as a Visiting / Special Judge; nor request and receive compensation from the Comptroller's Office, between the years 1991, through the year 2000; pursuant to Tex. Gov't Code §§32.302(d); 601.005; 601.007; 601.008 ; and 659.012(d)(Vernon's 1985; 1993; Supp. 1997). Thus, I've made my Good  Faith REQUESTS to Ms. Parham, as a Texas Citizen, seeking evidence to either prove,or disprove my found facts, to which nobody else can disprove at this time.

    Thank you for your time and consideration in this GOOD FAITH Petition For Review.

                  Very truly yours,

                  Ms. Shirley C. Hooks

                  Ms. Shirley C. Hooks

SCH/file
cc: Texas Judge Watch
    Mr. Dan Malone



# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

August 12, 2004

Ms. Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75664

Re:    Petition for Review
       Ms. Lorrie Parham, Respondent

Dear Ms. Hooks:

Your petition for review was received by the Office of Court Administration. You state that your July 8, 2004 letter requesting records concerning Judge James K. Walker from the court coordinator of the 372nd District Court has gone unanswered; this lack of response is the basis for your petition for review.

The court coordinator of the 372nd District Court (or for that matter, any district court) is not the custodian of any of the records you seek. If the documents you seek do exist, they are in the custody of the presiding judge for the region assigning Judge Walker.

Generally, an elected or appointed district, county, or appellate judge files the anti-bribery statement and the oath of office with the Secretary of State, who maintains those documents in that office. The Secretary of State then issues a commission to the judge, but does not keep a copy of the commission.

The status of the documents maintained by or for assigned judges is different. Before 1999, many assigned judges did not execute a new anti-bribery statement or oath of office upon electing to serve on assignment. Thus, neither the Secretary of State nor the presiding judge nor the assigned judge would have copies of anti-bribery statements or oaths of office for many assigned judges before 1999. The Secretary of State does not issue commissions for assigned judges, so no one would have copies of those.

In 1999, in *Prieto Bail Bonds v. El Paso*, 994 S.W.2d 316 (Tex.Ct.App.—El Paso 1999), the court held that assigned judges were required to take new oaths upon assuming their duties as assigned judges. After that, most assigned judges did make the anti-bribery statement and file it with the Secretary of State, and took the oath of office and filed it with the assigning presiding judge. For your information, two courts of appeals recently issued opinions contrary to *Prieto*.

Ms. Shirley C. Hooks
August 12, 2004
Page 2

They held that assigned judges are not required to take the oaths applicable to elected and appointed officials, but that the oaths they took during their terms as active judges satisfy the constitutional requirements. *Hennington v. State*, No. 11-97-00240-CR (Tex. App.—Eastland, May 27, 2004); *Delamora v. State*, No. 03-02-00557-CR (Tex. App.—Austin, February 5, 2004, pet'n filed).

Judge James Walker is assigned from the 9th Administrative Judicial Region; the Honorable Kelly G. Moore is the presiding judge. We are forwarding a copy of your July 8 request to him, and are confident that he will provide you copies of all records pertaining to Judge Walker that are in his possession.

Based on the foregoing, your petition for review will not be referred to a special committee. If you believe that a judicial officer who is covered by Rule 12 is withholding judicial records that are actually in his or her possession, you may file a Rule 12 petition for review with this office.

Very truly yours,

Margaret McGloin Bennett
General Counsel

MMB:lmo

cc: The Honorable Kelly G. Moore
Ms. Lorrie Parham

Ms. Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644

**August  19, 2004**

OFFICE OF COURT ADMINISTRATION
P.O. Box 12066, Capitol Station
Austin, Texas 78711-2066
(512)463-1625
FAX: 463-1648

**RE:** PETITION FOR REVIEW - Tex. R. Jud. Admin., Rule 12.9(a)

Dear Committee Members,

On or about August 02, 2004; I made explicit Tex. R. Jud. Admin., Rule 12 REQUEST to:

Mr. James K. Walker
Senior District Judge
218 Sandalwood St.
Levelland, Texas 79336
(806)894-9036

See attached heretowith. More than fourteen (14) days have elapsed since    my REQUEST was received by Mr. Walker, and he has once again, refused to comply wi -th the mandates required under Tex. R. Jud. Admin., Rule 12.6(b) and/or   (f). For these reasons, I respectfully APPEAL to this Office to compel Mr. Walker to comply with my Rule 12 REQUEST, or show cause to this Committee, as to just why it is that he cannot, or will not comply with said REQUEST.

I have evidence which conclusively proves at this time, beyond a reason - able doubt, that FORMER / SENIOR (Special) Visiting Judge: <u>JAMES K. WALKER</u> did not have authority to preside over proceedings as a Visiting / Special   Judge; nor to request and receive compensation from the Comptroller's Office,  between February 01, 1991; through July 14, 2000, pursuant to Tex. Const. art. XVI,   §1 and Tex. Gov't Cd. §§32.302(d); 601.005; 601.007; 601.008; 659.012(d) and Chap- ter 660(Vernon's 1956; 1985; 1989; 1993; Supp. 1997). I've requested same evid- ence from the Chief Justice of the Texas Supreme Court; Secretary of State;this Office; the Eighth and Ninth Administrative Judicial Regions; the District  and Administrative Clerks of Hockley; Cochran and Tarrant Counties; the current Pre -siding Judge over the 286th Judicial District Court; and Governor Rick Perry . No one, not one single source could produce, nor lead me to such evidence dur - ing the above-listed time periods. I am now needing Mr. Walker's RESPONSE;  and in turn make DEMAND for an Audit from the State Comptroller's Office if he does not provide such evidence. As a Tax Payer and Citizen of Texas, I am highly off -ended that my Tax Dollars were so recklessly paid out to persons like Mr. Wal- ker, who did not have the authority to act as a State officer for all of  those years. Thank you for your time and consideration in this Good Faith Petition.

SCH/file
cc: Texas Judge Watch
    Mr. Dan Malone
    www.fwweekly.com

Very Truly Yours,

Ms. Shirley C. Hooks

Ms. Shirley C. Hooks

TRANSMISSION VERIFICATION REPORT

```
                                      TIME  : 08/19/2004 14:05
                                      NAME  :
                                      FAX   :
                                      TEL   :
```

```
    DATE,TIME            08/19  14:04
    FAX NO./NAME         15124631648
    DURATION             00:00:51
    PAGE(S)              02
    RESULT               OK
    MODE                 STANDARD
                         ECM
```

Ms. Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644

August 19, 2004

OFFICE OF COURT ADMINISTRATION
P.O. Box 12066, Capitol Station
Austin, Texas 78711-2066
(512)463-1625
FAX: 463-1648

RE: PETITION FOR REVIEW - Tex. R. Jud. Admin., Rule 12.9(a)

Dear Committee Members,

On or about August 02, 2004; I made explicit Tex. R. Jud. Admin., Rule 12
REQUEST to:

Mr. James K. Walker
Senior District Judge
218 Sandalwood St.
Levelland, Texas 79336
(806)894-9036

See attached heretowith. More than fourteen (14) days have elapsed since       my
REQUEST was received by Mr. Walker, and he has once again, refused to comply wi
-th the mandates required under Tex. R. Jud. Admin., Rule 12.6(b) and/or  (f).
For these reasons, I respectfully APPEAL to this Office to compel Mr. Walker to
comply with my Rule 12 REQUEST, or show cause to this Committee, as to just why
it is that he cannot, or will not comply with said REQUEST.
       I have evidence which conclusively proves at this time, beyond a reason —
able doubt, that FORMER / SENIOR (Special) Visiting Judge: JAMES K. WALKER  did
not have authority to preside over proceedings as a Visiting / Special   Judge;
nor to request and receive compensation from the Comptroller's Office,  between
February 01, 1991; through July 14, 2000, pursuant to Tex. Const. art. XVI,  §1
    ~~~~~ ~~~~ ~~~~ 8832.302(d); 601.005; 601.007; 601.008; 659.012(d) and Chap-



# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

August 20, 2004

Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644

Re:   Petition for Review
      The Honorable James K. Walker, Respondent

Dear Ms. Hooks:

The Office of Court Administration has received your petition for review regarding a request you made to the Honorable James K. Walker for records concerning his serving as a judge on assignment.

Your petition for review states that your letter was sent "on or about August 2, 2004." The copy you provided us is dated August 19, 2004. Therefore, the time for Judge Walker to timely respond to your request will not elapse until fourteen days from his actual receipt of your request, as prescribed by Rule 12.6(b).

Your petition for review appears to be asking the special committee to do things that are beyond the scope of powers granted to it under Rule 12. The special committee's powers under Rule 12 are limited to resolving disputes over the denial of access to judicial records. If records do not exist, the special committee cannot order their production. It also has no power to require Judge Walker to respond to you. As part of the review process, a custodian may present his reasons for denying access to judicial records (see Rule 12.9(e)), but there is no requirement that he do so. Likewise, the special committee cannot compel action; there is nothing it can do to regarding your "demand" for an audit by the Comptroller of Public Accounts.

Your petition for review will not be assigned to a special committee at this time, as there has not yet been a denial of access to records that may be in Judge Walker's custody.

Sincerely,

Alicia Key MB

Alicia G. Key
Administrative Director

AGK:lmo

cc:   The Honorable James K. Walker

205 WEST 14TH STREET, SUITE 600 • TOM C. CLARK BUILDING • (512) 463-1625 • FAX (512) 463-1648
P. O. BOX 12066, CAPITOL STATION • AUSTIN, TEXAS 78711-2066
http://www.courts.state.tx.us



# OFFICE OF COURT ADMINISTRATION

ALICIA G. KEY
Administrative Director

September 23, 2004

Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas  75644

Re:   Petition for Review
      The Honorable James K. Walker, Respondent

Dear Ms. Hooks:

Thank you for your letter dated September 9, 2004 regarding your response to Judge Walker.

You state that Judge Walker cannot produce copies of certain records.  He has not refused to provide you with records that actually exist and are in his possession.  Judge Walker has told you that the presiding judge who assigns him, the Honorable Kelly G. Moore, has any records that exist.  Judge Moore has provided you with copies of the records in his possession. Obviously, nobody can produce copies of records that do not exist.

Judge Moore was copied on most correspondence regarding this matter.  By copy of this letter, we are providing him with copies of your September 9 letter to this agency and any other correspondence on this matter in our possession which he was not previously sent.

Contrary to your statement, the Office of Court Administration has no authority to "reprimand" Judge Walker under Rule 12.  Rule 12.10 refers to sanctions under the Code of Judicial Conduct.  The Judicial Conduct Commission is the entity which can sanction, reprimand or discipline judges in Texas.  We infer from your statement to Judge Walker that he is "under investigation with the Texas Commission on Judicial Conduct" that you have already filed a complaint with the Commission; therefore, there is no need for us to refer you to them.

Shirley C. Hooks
September 23, 2004
Page 2


        Based on the foregoing, your petition for review will not be referred to a special
committee.  The Office of Court Administration and the presiding judges cannot do anything to
help you in this matter.

                                        Sincerely,

                                        *alicia G. Key/lmo*

                                        Alicia G. Key
                                        Administrative Director


AGK:lmo

cc:     The Honorable James K. Walker
        The Honorable Kelly G. Moore