# *Eighth Administrative Judicial Region*

### Office of Presiding Judge

5th Floor, Tarrant County Justice Center
Fort Worth, Texas 76196

**Counties**

ARCHER
CLAY
COOKE
DENTON
EASTLAND
EARATH
HOOD
JACK
JOHNSON
MONTAGUE
PALO PINTO
PARKER
SOMERVELL
STEPHENS
TARRANT
WICHITA
WISE
YOUNG

JEFF WALKER
Presiding Judge
Telephone (817) 884-1558

OUIDA STEVENS
Administrative Assistant

CAROL NICHOLS
Special Project Assistant

Telephone (817) 884-1558
FAX       (817) 884-1560

E-Mail:
eighthadmin@earthlink.net

April 28, 2004

Ms. Wyona Ard
603 S. Parkway Dr. Apt # 38
Alvarado, Tx 76009-5523

Re: Judge James K. Walker

Dear Ms. Ard:

This will acknowledge receipt of your request for judicial records.

Rule 12.6 (g) allows the custodian of judicial records to make inquiry to establish the proper identification of the requestor and/or to clarify the nature or scope of a request. To that end, please provide the following:

a) the court name and county in which the visiting judge was setting during the period you are inquiring about;
b) the style and cause number of the case the visiting judge heard.
c) the name of the party whose interest you are pursuing.
d) your bar number, if you are an attorney.

Please let us have your early reply so your request for records may be handled in a prompt fashion.

Very truly yours,

Jeff Walker, Presiding Judge
8th Administrative Judicial Region

JW:os



Case 4:07-mc-00033-A   Document 3-6   Filed 11/29/07   Page 2 of 22   PageID 72



UNITED STATES
POSTAL SERVICE®

## Track & Confirm

### Shipment Details

You entered 0303 2460 0000 2508 3541

Your item was delivered at 6:38 am on May 12, 2004 in
FORT WORTH, TX 76196.

Here is what happened earlier:

- ACCEPTANCE, May 11, 2004, 11:03 am,
  ALVARADO, TX 76009

**Track & Confirm**

Enter label number:

[                                    ]

( Go > )

Track & Confirm FAQs  ( Go > )

---

**Notification Options**

▶ Track & Confirm by email   **What is this?**   ( Go > )



**POSTAL INSPECTORS**
Preserving the Trust

**site map  contact us  government services**
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

http://trkcnfrm1.smi.usps.com/netdata-cgi/db2www/cbd_243.d2w/detail          6/22/04

# *Eighth Administrative Judicial Region*

### Office of Presiding Judge

#### 5th Floor, Tarrant County Justice Center
#### Fort Worth, Texas 76196

**Counties**

ARCHER
CLAY
COOKE
DENTON
EASTLAND
EARATH
HOOD
JACK
JOHNSON
MONTAGUE
PALO PINTO
PARKER
SOMERVELL
STEPHENS
TARRANT
WICHITA
WISE
YOUNG

**JEFF WALKER**
Presiding Judge
Telephone (817) 884-1558

**OUIDA STEVENS**
Administrative Assistant

**CAROL NICHOLS**
Special Project Assistant

Telephone (817) 884-1558
FAX      (817) 884-1560

E-Mail:
eighthadmin@earthlink.net

June 30, 2004

Ms. Wyona Ard
603 S. Parkway Dr.Apt #39
Alvarado, Texas 76009-5530

Dear Ms. Ard:

This will acknowledge receipt of your letter of June 22, 2004.

I disagree that you have "mailed back those completed answers..." to three of the four questions I asked you "to establish the proper identification of the requestor and/or to clarify the nature or scope of a request." Until I have received this information, I shall not take further action on your request.

Lastly, your letter dated June 22 was postmarked June 28 and received by me June 30. This is being noted so you do not conclude that I have ignored or mislaid your letter.

Very truly yours,

Judge Jeff Walker, Presiding Judge
8th Administrative Judicial Region

JW:os

Ms. Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644

May 13, 2004

**286th** Judicial District Court
Attn: Administrative Clerk
802 Houston Street
Levelland, Texas 79336
(806)894-3185

      RE: Former / Retired Judge: <u>James K. Walker</u>
          Tex. R. Jud. Admin., Rule 12 - [REQUEST]

Dear Administrative Clerk,

    I herewith request true copies of [any] minutes records, and/or certifica
-tions of Mr. Walker's Oath[s] of Office compliance under Tex. Gov't Code §§24.
004; 26.015 and/or 26.016. Pursuant to those mandates: <u>**THE CLERK**</u> [**SHALL**]  enter
in the MINUTES of the Court as part of the proceedings in the case, a     record
showing:

        **(1)** that the judge of the Court is disqualified, absent, or disabled
            to try the cause;

        **(2)** the name of the Special Judge (i.e., Visiting Judge) and  that
            the parties agreed on the selection of that judge for the  trial
            of the case; and

        **(3)** that the oath prescribed by Law (i.e., U.S. Const. VI, Cl.3; and
            Tex. Const. art. XVI, §1) was administered to the Special Judge.

pertaining to the above-requested Visiting (Special) judge, James K. Walker  in
the 286th Judicial District Courts of Hockley / Cochran County, Texas.

    Pursuant to Tex. R. Jud. Admin., Rule 12.6(f), if you are not the custod-
ian of Mr. Walker's renewed Oath[s], or his Commission[s] under 1 T.A.C. §73.71
(Vernon 1983), then you are required to ascertain who the custodian of  those
records are, and must forward my REQUEST on to them after giving me NOTICE.  so
far, I've contacted the Secretary of State; Chief Justice Thomas R. Phillips,in
the Texas Supreme Court, and Presiding Administrative Judges Jeff Walker   and
Kelly G. Moore, concerning Mr. Walker's Oath[s] and Commission[s]. Nobody,  it
seems, has a renewed Oath from Mr. Walker, from 1991 through 1999, in   their
Official files, which concerns me greatly.

                            Pages:  1  of  2

I look forward to your response to the above-listed address  within Four-teen (14) days, as explicitly MANDATED under Tex. R. Jud. Admin., Rule 12.6(b). A failure to comply with this official Rule 12 REQUEST is a violation of      the Texas Cannon Codes. See Rule 12.10. If you have any questions, or require a fee for these documents, please feel free to contact me at once, and let me      know what is needed. Thank you for your time and consideration into this Rule  12 - REQUEST.

Sincerely,

Shirley C. Hooks

Shirley C. Hooks
7900 St. Hwy. 155 N.
Gilmer, Texas 75644

cc: SCH-file

# HAROLD PHELAN

**District Judge**

288th JUDICIAL DISTRICT

Cochran County - (806) 266-5412
Hockley County - (806) 894-8240
Hockley County FAX (806) 894-3891

HOCKLEY COUNTY COURTHOUSE
802 Houston, Suite 315
LEVELLAND, TEXAS 79336

**COURT COORDINATOR**
Rhonda Bradley

May 27, 2004

Ms. Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, TX 75644

Re: Former/Retired Judge James K. Walker

Ms. Hooks:

In response to your letter of May 13, 2004, please be advised that the Secretary of State, P. O. Box 12887, Capitol Station, Austin, Texas 78711, would be the custodian of the records you are seeking.

Sincerely,

*Harold Phelan*
*rb*

Harold Phelan
HP/rb

*Rogationes, quaestiones, et positiones, debent esse simplices*



# PRISON LEGAL AID ASSOCIATION
### P. O. BOX 30280, P M B 111, PHOENIX, AZ 85046-0280

January 23, 2004

Mary K. Walker
Hockley County Clerk
802 Houston St.
Levelland, TX 79336

in re:    Retired/Senior Judge, James K. Walker
          286th Judicial District Court

Dear Ms. Walker,

     I hereby request true copies from the administrative files for the above listed Judge Walker of his oath of office filings for the period after his retirement on January 31, 1996 until the present date, pursuant to Texas Constitution Article 16, §1(c); (d); and (f), (Vernon 1989; Supp. 1993).

     It is my understanding from the Secretary of State and from the Administrative Judge that Judge Walker did not take the oath until 2000 and I wish to verify the correct date.

     This request is made pursuant to Texas Rules of Judicial Administration, Rule 12.

     If you are not the records custodian for this particular oath, would you please advise me who is?

     Thank you for your consideration.

     Sincerely,


John A. Pizer, Pres.




602-996-4846                    johnpizer@juno.com

# PRISON LEGAL AID ASSOCIATION
## P. O. BOX 30280, P M B 111, PHOENIX, AZ 85046-0280

February 6, 2004

Ms. Mary K. Walker
Hockley County Court Clerk
802 Houston Street
Levelland, TX 79336

in re:   Retired/Senior Judge James K. Walker
       266th Judicial District Court

Dear Ms. Walker,

      I herewith request true copies from your Administrative Files for the above named
retired/senior judge of his Oath of Office filings pursuant to Texas Constitution Article 16, §1 (c),
(d), and (f), (Vernon 1989; Supp. 1993) for the period between January 31, 1996 until the present
time.

      I also request a list of his Commissions for that period pursuant to 1 T.A.C. §73.71 and
Rule 12 of Texas Rules of Judicial Administration.

      I have previously requested these records from the Secretary of State and the Presiding
Judge of the Ninth Administrative Judicial Region. They have informed me that they have no
records of such Oaths being filed until the year 2000.

      Thank you for your consideration.

      Sincerely,

      John A. Pizer, Pres

602-996-4846            johnpizer@juno.com

Juno e-mail printed Fri, 13 Feb 2004 10:35:42, page 1 of 1

From: "Shiranda Pence" <spence@hockleycounty.org>
To: <johnpizer@juno.com>
Date: Tue, 10 Feb 2004 09:48:43 -0600
Subject: Hockley County Clerk-Levelland

Dear Mr. Pizer,

I'm sorry again to inform you that we do not have a oath for a Mr. Walker. We would appreciated it if you would quiet sending us request. Like last time we do not have one.

Thank you again and sorry for the inconvience.


Shiranda Pence
Deputy County Clerk

OFFICE OF
**RITA TYSON**
**COUNTY & DISTRICT CLERK**
COCHRAN COUNTY, TEXAS

COURTHOUSE ROOM 102
MORTON, TEXAS 79346
E-mail: cclerk@door.net

(806) 266-5450
(806) 266-8843
Fax: (806) 266-9027

August 18, 2003

Mrs. Gaye N. Garner
5302 Guava Drive
Harlingen, TX   78552

Re: Judge James K. Walker

Dear Mrs. Garner:

I am in receipt of your letter requesting information on Judge James K. Walker.  I forwarded it on to the administrative judge's court coordinator and I think she has responded to you.

I am not able to provide you with any information on Judge Walker's assignments, oaths, etc.  A district judge files for office with the secretary of state.  Judge Walker's office, while he was fulfilling an elected term, would have been in Hockley County and all oaths of office would have been executed there or with the secretary of state.  I really don't know the procedure in Hockley County.  I am also unable to tell you the procedure for visiting judges who are no longer in office, I don't know what qualifications are required to be a visiting judge, who makes the decision or what is required of a visiting judge.

I'm sorry I could not be of more benefit to you but in the event I ever can be, please do not hesitate to let me know.

Very truly yours,

Rita Tyson

OFFICE OF
**RITA TYSON**
**COUNTY & DISTRICT CLERK**
COCHRAN COUNTY, TEXAS

COURTHOUSE ROOM 102
MORTON, TEXAS 79346
E-mail: cclerk@door.net

(806) 266-5450
(806) 266-8843
Fax: (806) 266-9027

June 2, 2004

Ms. Shirley C. Hooks
7900 State Hwy. 115 North
Gilmer, Texas   75644

Re: Retired Judge: James K. Walker

Dear Ms. Hooks,

I am in receipt of your letter requesting copies of documents in this office pertaining to Judge James K. Walker.

My office has no record of any minutes records, and/or certifications of Judge Walker's oaths. My county shares the district judge with Hockley County and district oaths are not administered in Cochran County.

I can not forward your request to anyone other than those officials whom you listed in your letter as having been contacted as those are the only persons who I know to be custodians of such documents.

Thank you,

Rita Tyson



**SUZANNE HENDERSON**
*County Clerk*
*100 West Weatherford*
*Fort Worth, Texas 76196-0401*

August 8, 2003

Gaye N. Garner
5302 Guava Dr.
Harlingen, TX 78552

Re:  Judge James K. Walker

Dear Ms. Garner:

I am in receipt of your letter dated August 6, 2003, regarding the Oath filing for Judge James K. Walker, 286th District Court, Hockley-Cochran County.  According to Tex. Const., art. XVI, 1(a), my office is not required to file the Official Oath for a District Judge.  (please see attached).

Please feel free to contact me if I can be of further assistance.

Sincerely,

Suzanne Henderson
County Clerk
Tarrant County

# INSTRUCTIONS

## EXECUTION OF THE OATH OF OFFICE

Pursuant to Tex. Const. art. XVI, § 1 (c) (amended 2001), the Oath of Office **_may not_** be taken until a signed statement (Statement of Elected/Appointed Officer or Pre-Oath Statement) has been filed with the Secretary of State, if required.  The Statement is considered filed once it has been received by this office.

Gubernatorial appointees who are appointed during a legislative session **_may not_** execute their Oath until after confirmation by the Senate.  Tex. Const. art. IV, § 12.

## ADMINISTRATION OF THE OATH OF OFFICE

The Oath of Office may be administered by anyone authorized under the provisions of Tex. Gov't Code Ann. § 602.002 or § 602.006.  Commonly used officials include notaries public and judges.

The seal of the person administering the Oath should be visible.  If the person is a notary public, Tex. Gov't Code Ann. § 406.013, requires that the seal be affixed in a way "that legibly reproduces the required elements of the seal under photographic methods".

## FILING OF THE OATH OF OFFICE

After their Statement of Officer has been properly filed: ·

* Gubernatorial appointees, district judges, and district attorneys should file their Oaths of Office with the Secretary of State.
* Directors of districts operating pursuant to Tex. Water Code Ann., Chapter 36 or 49, shall file with the Secretary of State a duplicate original of their Oath of Office within 10 days of its execution.
* All other persons should file their Oaths locally.  Please check with the county clerk, city secretary or board/commission secretary for the proper filing location.

Officers who are required to file their Oath of Office with the Secretary of State should mail them to the Statutory Documents Section, P. O. Box 12887, Austin, Texas 78711-2887.

**\*\*\* PLEASE DIRECT ANY QUESTIONS REGARDING THE OATH OF OFFICE TO THE STATUTORY DOCUMENTS SECTION AT (512) 463-5705. \*\*\***

Form #2205

*Insurance Requirements:* Each district clerk shall obtain an insurance policy or similar coverage from a governmental pool operating under Chapter 119, Local Government Code, or from a self-insurance fund or risk retention group created by one or more governmental units under Article 715c, Vernon's Texas Civil Statutes, to cover the District Clerk and any deputy clerk against liabilities incurred through errors or omissions in the performance of official duties. The amount of the policy or other coverage document must equal the maximum amount of fees collected in any year during the term of office immediately preceding the term for which the insurance is obtained, except that the amount of the policy or other coverage document must be at least $20,000 but not more than $700,000. If the policy or other coverage document provides coverage for other county officials, the amount of the policy must be at least $1 million. TEX. GOV. CODE § 51.302(c). If the District Clerk determines that insurance coverage is unavailable at reasonable cost, the Commissioners Court must establish a contingency fund to provide the coverage and may set an additional filing fee not to exceed $5 to be paid into the contingency fund. TEX. GOV. CODE § 51.302(d)

*Additional Insurance Requirements:* Each district clerk shall obtain an insurance policy or similar coverage to cover losses due to burglary, theft, robbery, counterfeit currency, or destruction. The amount of the policy must be at least $20,000 but not more than $700,000. TEX. GOV. CODE § 51.302(d).

2. ............................................................................................................................. Deputy District Clerk

*Oath Requirement:* Before entering upon the duties of office, a Deputy District Clerk is required to take the Official Oath. TEX. CONST., art. XVI, § 1(c); TEX. GOV. CODE § 51.309(a). The appointment of a Deputy District Clerk must be in writing and recorded in the office of the County Clerk. TEX. GOV. CODE § 51.309(a).

*Statement of Officer:* Must be filed with the Secretary of State before the Oath can be taken. TEX. CONST., art. XVI, § 1(d) and (f). A facsimile (FAX) will be accepted by the Secretary of State in lieu of the originally signed instrument. 1 T.A.C. § 73.43.

*Bond Requirements:* The District Clerk shall obtain a surety bond to cover a Deputy Clerk or a schedule surety bond or a blanket surety bond to cover more than one deputy and all employees of the office. A Deputy Clerk and an employee must be covered on the same conditions and the same amount as the District Clerk. The bond shall be made payable to the Governor for the use and benefit of the District Clerk. TEX. GOV. CODE § 51.309(b). In lieu of the bond, a county may self-insure against losses that would have been covered by the bond. TEX. GOV. CODE § 51.309(c).

3. .............................................................................................................................District Judge

*Oath Requirement:* Although there is no specific statutory requirement, it is an elected office, therefore, before entering upon the duties of office, a District Judge is required to take the Official Oath. TEX. CONST., art. XVI, § 1(a)

*Statement of Officer:* Must be filed with the Secretary of State before the Oath can be taken. TEX. CONST., art. XVI, § 1 (b) and (e). A facsimile (FAX) will be accepted by the Secretary of State in lieu of the originally signed instrument. 1 T.A.C. § 73.43.

*Bond Requirements:* No bond requirement.

4. ............................................................................................................................. Official Court Reporter

*Oath Requirement:* Before entering upon the duties of office, an Official Court Reporter is required to take the Official Oath. TEX. CONST., art. XVI, § 1(c); TEX. GOV. CODE § 52.045(a).

21



# TARRANT COUNTY
## ELECTIONS ADMINISTRATION

August 15, 2003

**ROBERT PARTEN, CERA**
**Elections Administrator**

**GAYLE HAMILTON**
**Assistant Elections Administrator**

Gaye N. Garner
5302 Guava Dr.
Harlingen TX  78552

Dear Mrs. Garner,

      I received our letter requesting information on Judge James K. Walker, however our office dose not have any information to furnish you in this matter.  Your letter was forwarded to Jeff Walker, Eight Administration Judicial Region.  If you have any other questions, please contact me at 817-884-2681.

*Kenisha L Webb*
Kenisha Webb
Asst. Voter Registration Supervisor

Ms. Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644

April 3, 2004

TARRANT COUNTY DISTRICT CLERKS OFFICE
Attn: Administrative Records Department
Tarrant County Justice Center
401 W. Belknap St.
Fort Worth, Texas 76196

          RE: Visiting Judge James K. Walker - (Retired)
              Tex. R. Jud. Admin., Rule 12 [REQUEST]

Dear Clerk,

     I herewith request true copies of any Oath of Office filings, pursuant to
Tex. Const. art. XVI, §1(c); (d) and (f)(Vernon 1989; 1993 and 2001); Official-
"COMMISSION[S]" to [Act] as a "Judicial" and/or "Public Official," and anyother
ORDER[S] OF ASSIGNMENT to Courts within Tarrant County Justice Center, for Ret-
ired / Visiting Judge: James K. Walker. I am only looking for such filings   in
the years 1996 and 1997. You will have copies of these filings, in your ADMINI-
STRATIVE files, pursuant to Tex. Gov't Code §26.016 et. seq.

     I have already contacted Mr. Geoffrey S. Connor, Secretary of State, Chief
Justice Thomas R. Phillips, in the Texas Supreme Court; and Presiding Administr
-ative Judge Jeff Walker, and Kelly G. Moore, concerning these documents.  None
of those Officials could find any Oath, or Commission filings for Mr.   Walker
during the years 1996 through 1997.

     If you are not the Custodian of Records for the above-listed REQUESTED  -
documents, please send me what you have, and thereafter ascertain whom the Cust
-odian of Records would be for those documents you do not have,; and forward  my
REQUEST to them, pursuant to Tex. R. Jud. Admin., Rule 12.6(f).

     I look forward to your response to the above listed address within Fourt-
een (14) days, as explicitly mandated under Tex. R. Jud. Admin., Rule 12.6(b) .
If you have any questions, or require a fee for these documents, please    feel
free to contact me at once, and let me know. Thank You for your time.

                              Sincerely,

                              Shirley C. Hooks

cc: SCH-file



# TARRANT COUNTY

OFFICE OF THE
CRIMINAL DISTRICT ATTORNEY
www.tarrantda.com

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
817/884-1400

JUSTICE CENTER
401 W. BELKNAP
FORT WORTH, TX 76196-0201

April 28, 2004

Ms. Shirley C. Hooks
7900 State Hwy. 155 N.
Gilmer, Texas 75644

**VIA REGULAR U.S. MAIL**

Re:  Your Request Pursuant to
Rule 12, Tex. R. Jud. Admin.

Dear Ms. Hooks:

I am in receipt of your Rule 12 request directed to the Tarrant County District Clerk's Office concerning Judge James K. Walker. In response to your request, I have enclosed a copy of the following:

1.  *Order of Assignment by the Presiding Judge,* signed by Judge Ashworth on April 1, 1996;

2.  *Certificate of Proceedings,* in Case No. 0579930D, *The State of Texas v. Russell Jay Reger;* and,

3.  *Judgment on Jury Verdict of Guilty Punishment Fixed by Court or Jury - No Probation Granted,* in Case No 0579930D, *The State of Texas v. Russell Jay Reger.*

Please be advised that the District Clerk's Office has agreed to waive the fee for the production of the enclosures. If you should have any questions concerning this letter, please feel free to contact me at (817) 884-1233. Thank you.

Sincerely,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

DEBRA DUPONT
Assistant District Attorney

*Ms. Shirley Hooks*
*Re:  Rule 12 Request*
*April 28, 2004*
*Page 2*


DD/adp
Enclosures

cc w/enc:    Honorable Tom Wilder, District Clerk
               Ms. Joan Hubbard, Assistant Manager, Criminal Section

THE STATE OF TEXAS

8th ADMINISTRATIVE JUDICIAL REGION

ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE


Pursuant to Section 74.056, Texas Government Code, I assign the Honorable James Walker, Senior District Judge of the 286th Court to the

Criminal District Court No. 3 of Tarrant County, Texas.


This assignment is for the period beginning April 7th, 1996 and ending April 12th, 1996, provided that the assignment shall continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period.

It is ordered that the Clerk of the Court to which this assignment made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned judge.

It is further ordered that the Clerk, upon receipt hereof, shall post a copy of this order in a public area of the Clerk's office or courthouse so that attorneys and parties may be advised of this assignment.


SIGNED April 1st, 1996


_____
Presiding Judge,

8th Administrative Judicial Region of Texas


ATTEST: _____
Administrative Assistant


68 PAGE 156A

## CASE NO. 0579930D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| VS. | § | COURT NUMBER THREE |
| RUSSELL JAY REGER | § | TARRANT COUNTY, TEXAS |

### JUDGMENT ON JURY VERDICT OF GUILTY
### PUNISHMENT FIXED BY COURT OR JURY - NO PROBATION GRANTED

| | | | |
|---|---|---|---|
| Judge Presiding | : HON. SCOTT WISCH<br>HON. JAMES K. WALKER | Date of Judgment | : APRIL 12, 1996 |
| Attorney for State<br>District Attorney | : TIM CURRY | Assistant District<br>Attorney | : FRED W. RABALAIS JR.<br>TIMOTHY M. BEDNARZ |
| Attorney for Defendant | : NOEL PORTNOY | Charging Instrument: | INDICTMENT |

| Offense Date | Convicted Offense | | |
|---|---|---|---|
| APRIL 3, 1995 | MURDER | | |
| **Degree** | **Count** | | **Plea** |
| 1ST | ONE | | NOT GUILTY |

| | |
|---|---|
| Findings on<br>Deadly Weapon | : THE JURY AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |
| Plea to Enhancement<br>Paragraph(s) | : NONE |
| Plea to Habitual<br>Paragraph(s) | : NONE |
| Findings on Enhancement/<br>Habitual Paragraph(s) | : NONE |
| Jury Verdict | : GUILTY |
| Punishment Assessed By | : JURY |
| Date Sentence Imposed | : APRIL 12, 1996      Date to Commence : APRIL 12, 1996 |
| Punishment<br>Place of Confinement | : COUNT ONE - LIFE<br>: INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE |

| | | | |
|---|---|---|---|
| Time Credited | : 51 DAYS | Court Costs | : $194.50 |
| Reparation | : NONE | Restitution | : NONE |

On this day, set forth above, this cause came for trial, and the State appeared by the above-named attorney, and the Defendant appeared in person in open court, the above-named counsel for Defendant also being present, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent, and having pleaded as shown above to the indictment herein, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others, was duly selected, impaneled and sworn, who having heard the indictment read and the Defendant's plea thereto, and having heard the evidence submitted, and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and Defendant's counsel being present, and returned into open court the verdict set forth above, which was received by the Court, and is here now entered upon the minutes of the Court as shown above.

Thereupon, the Defendant elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the indictment contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been

VOLUME 68 PAGE 166A OF CASE NO. 0579930D

convicted previously of any felony or offenses for the purpose of enhancement of punishment, then the Court asked Defendant if such allegations were true or false and Defendant answered as shown above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court, they retired to consider such question, and after having deliberated, they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed the punishment of the Defendant as shown above.

IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that the said judgment be, and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, as set forth above, and said Defendant be punished in accordance with the Jury Verdict or the Court's Finding, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above, and that said Defendant be delivered by the Sheriff to the Director of the Institutional Division of the Texas Department of Criminal Justice, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary.

And, if shown above that the Defendant has been duly and legally convicted of a prior offense by showing the court, cause number, and offense, together with the punishment for such offense and date Defendant was sentenced for such offense in accordance with such conviction, then it is further ORDERED AND ADJUDGED that the punishment herein adjudged against said Defendant shall begin when the judgment in such prior offense, when shown above, shall have ceased to operate.

And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment.

PRESIDING JUDGE

Date Signed    :   APRIL 15, 1996

Notice of Appeal        :   APRIL 12, 1996

Mandate Received        :   _____

VOLUME 68 PAGE 165B OF CASE NO. 0579930D