Mr. Russell (Rusty) Jay Reger
TDCJ-CID #747783
French M. Robertson Unit.
12071 FM 3522
Abilene, Texas 79601-8799
(325)548-9035


February 28, 2005


Mr. James K. Walker
Senior District Judge &
Attorney at Law
218 Sandalwood Ln.
Levelland, Texas 79336-6816
(806)894-9036

RE: STATE v. REGER / Cause No.: 0579930D / CDC#3 Tarrant Co. Tx.


Dear Mr. Walker,


You presided over my trial (guilt/innocence phase only), from April 8, 1996 – through April 12, 1996. Since that time, I have managed to gain possession of more than 220+ pages of judicial record request and answers thereto, regarding your oath executions, or lack of, between the years 1984, to present date. In these judicial records that I possess, I've learned that Governor Mark White had originally appointed you to the 286th Judicial District Court on February 24, 1984. You executed Oath of Office as the appointed / sitting judge of the 286th thereafter, on February 24, 1984; December 6, 1984 and January 5, 1987 respectively. On December 31, 1990 your "term of office" in the 286th expired, due to your having lost reelection. On September 19, 1991 you then executed "Affidavit to Serve on Judicial Assignment" with the Hon. Ray D. Anderson, presiding judge of the 9th Administrative Judicial region. You then began taking assignments as a former (special) visiting judge until you submitted a letter electing your retirement, with the Chief Justice of the Supreme Court of Texas, on February 4, 1996. Chief Justice Thomas R. Phillips accepted your retirement on February 8, 1996, and gave notice of same to presiding judge Anderson, as well as the State Comptroller's Claims Division, Retirement System, on same day. On February 20, 1996; you once again executed "Affidavit to Serve on Judicial Assignment." On April 1, 1996 the Hon. Clyde Ashworth, presiding judge of the 8th Administrative Judicial Region issued ORDER OF ASSIGNMENT, pursuant to Section 74.056, Tex. Gov't Code and thereafter assigned you to CDC#3 Tarrant County, Texas, for the period beginning April 7, 1996 and ending April 12, 1996. You executed Oath of Office on June 14, 1999, and for the very first time, also executed your "Statement of Judicial Officer" (i.e., Anti-bribery Oath) on June 14, 1999. On August 18, 2000 you once again executed "Statement of Appointed Officer" and then executed "Oath of Office" on October 4, 2000.

It is an established fact that your 1987 Oath of Office expired on December 31, 1990. It is an established fact that you did not execute any other Oath of Office, from January 1, 1991 – through – June 14, 1999. It is an established fact that you did not execute Statement of Appointed Officer between September 1, 1989 – through – June 14, 1999, despite Texas Constitutional amendment to article XVI, §1 in 1989. Accordingly, it is an established fact that you did not possess [any] authority to Act in the capacity of a former / senior (special) visiting judge, during my trial, from April 8, 1996 –

Pages: 1 of 2

through - April 12, 1996. Your [un]intentional mistake in these regards, was also committed by 250
other former / senior judges during the 1990's. This fact is well known to the public. See Article
titled: "So Help Me God," by Dan Malone (www.fwweekly.com/issues/2003-03-27/feature.html/page1. -
html), and "Black Robes and Big Questions," by Dan Malone (www.fwweekly.com/issues/2004-03-10/feat
-ure.html/page1.html). I possess evidence of your Constitutional disqualifications, in the 1990's,
which stems from Governor Rick Perry's Office, all the way down through the executive and judicial
branches, to the simple Administrative Clerk's Special Order Minutes in Hockley / Cochran    and
Tarrant Counties. I even possess a reply letter from Mr. Tim Curry, the District Attorney of Tarr-
ant County, to which ends, stating: "...[t]he District Clerk's Office does not have the    records
you are seeking and that we are unable to ascertain who may have the documents you seek. Lastly it
appears that you have requested records from all entities possible."

Beyond a reasonable doubt, I can prove that you did not execute any oaths from January 1, 1991    -
through - June 14, 1999. The only thing presiding judge Kelly G. Moore, with the 9th Administrative
Judicial Region possesses of your filings, are the 1999/2000 oaths. The Secretary of State    also
only possesses your 1984; 1987 and 2000 oaths. I know that you've been instructed to not    admit
your Constitutional disqualifications during the 1990's. You presided over thousands of proceeding
in addition to my own, without Constitutional qualification. See, e.g., Ex Parte Dharmagusratne  ,
950 S.W.2d 140, 149 n.29(Tex.App.-Fort Worth 1997)(discussing your assignment to Tarrant    County
Trial Court "C" and 874 cases pending on Docket therein, in May, 1995). I know that your    mistake
should not result in a windfall "get out of jail free card" to untold numbers of inmates, some  of
whom no doubt, need to remain incarcerated (e.g., sexual predators). I am not interested in making
this an open flood gate for other inmates; yet, I only wish to focus on my NIL and VOID  Judgment
of conviction and sentence. In exchange for your written admission of constitutional  disqualific-
ation during my trial; I will sign a release with you and Tarrant County, Texas, for any    civil-
liabilities. I will also give you, and Tarrant County a specific affidavit of my intended use    of
your admission, for judicial challenges in my NIL and VOID judgment and sentence. In the end,    I
will also, even stipulate with you, and Tarrant County that any judicial records in my challenges,
be sealed afterwards, so that no other person / inmate can use your admission as evidence. Not on-
ly was my original trial constitutionally invalid, it was also a farce. I was mentally and physic-
ally incompetent to stand trial; was under the influence of five (5) high powered medications, and
ordered by Dr. Darryl D. Nix and Dr. Leigh S. Galatzan, to a 30-day bedrest, plus physical therapy
during the April 8, 1996 - through - April 12, 1996 trial. See enclosed. My jury never saw    the
real me, and I was unable to show them true contrition. With this said, my only endeavor is to re-
ceive a legal and just retrial. I'll give you thirty (30) days to consider my offer, and to furth-
er discuss same with Tarrant County Officials. If I do not receive your reply, by certified mail,
or Confirmation Delivery after thirty (30) days of receipt; your silence shall be deemed as    an
explicit admission, by you, of your constitutional disqualification from January 1, 1991 - through
- June 14, 1999 (Tex. R. Evid. 201), and all my offers above, shall be NULL and VOID. I'd urge you
to please understand my rationale; if I am required to be incarcerated in the TDCJ-CID, I'd    like
for it to at least be legal. I look very forward to hearing back from you in thirty (30) days.    I
thank you for your time and consideration in this matter.

**** I, Russell Jay Reger, TDCJ-CID #747783; being presently incarcerated in the French M. Robert-
son Unit of the TDCJ-CID System, in Jones County, Texas; do hereby verify and declare under penal-
ty of perjury that the foregoing letter; facts and statements made herein, are both true and corr-
ect, as well as offered in GOOD FAITH.

[ Civ. Prac. & Rem. Code §132.001.-3. et. seq. / 28 U.S.C. §1746 ]
( A signed/dated copy of this letter shall have the same validity as the original )

Sincerely,

R. Jay Reger #747783                                        Pages:  2  of  2
CMRRR #7001 2510 0002 9231 8740
Enclosures -(2)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify and declare under penalty of perjury that I have placed   this letter and its two attachments within the Prison Mailbox for mailing 1st  Class Mail, Postage Prepaid to James K. Walker on this the 19th day of March, 2005.

[ Civ. Prac. & Rem. Code §132.001.-3. et. seq. / 28 U.S.C. §1746 ]
( A signed copy of this instrument shall have the same validity as the original )

/s/
Russell Jay Reger #747783
French M. Robertson Unit.
12071 FM 3522
Abilene, Texas 79601-8799
(325)548-9035

## U.S. Postal Service
## CERTIFIED MAIL RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ 60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

Postmark Here  FEB 2005

Sent To  Mr. James K. Walker / Judge / Atty.
Street, Apt. No.; or PO Box No. 218 Sandalwood Ln.
City, State, ZIP+4  Levelland, Texas  79336-6816

PS Form 3800, January 2001                    See Reverse for Instructions

7001 2510 0002 9231 8740

<u>NOTE:</u>
CMRRR #7001 2510 0002 9231 8740
RETURNED UNCLAIMED 3/18/05

# JAMES K. WALKER
**Senior District Judge**
**218 Sandalwood**
**Levelland, Texas 79336**
**Phone 806-894-9036**
March 22, 2005

Mr. Russell Jay Reger 747783
French M. Robertson Unit
12071 FM 3522
Abilene, TX 79601-8749

Re: Russell Jay Reger

Dear Mr. Reger:

I have received your letter of February 28, 2005. I do not have the documents which you list in your letter. I have complied with all requests from the regional Judges for my qualifications to sit as a visiting judge.

From your letter I am not sure what you want from me but I cannot help you.

James K. Walker

Mr. Russell (Rusty) Jay Reger
TDCJ-CID #747783
French M. Robertson Unit.
12071 FM 3522
Abilene, Texas 79601-8799
(325)548-9035

**March 28, 2005**


Mr. James K. Walker
Senior District Judge &
Attorney at Law
218 Sandalwood Ln.
Levelland, Texas 79336-6816
(806)894-9036

　　　RE: STATE v. REGER / CAUSE No.: 0579930D / CDC#3 Tarrant Co. Tx.


Dear Mr. Walker,

I sincerely thank you for your reply letter dated: March 22, 2005. It will truly assist me further in my endeavor. Thank you as well, for admitting to me    that you did not possess copies of any executed oath or statement dated between    the time January 01, 1991 -through- June 13, 1999. You did nevertheless state   "[I] have complied with all requests from the regional judges for my qualification to [sit] as a visiting judge." I've never once disputed that issue. You did  comply with the [statutory] requirements under Tex. Gov't Code Chapters 74 and 75.   The regional judges therefore had authority vested to "sit" you on benches. That  is to be a deemed admission from me; and, I stipulate to that fact with you.    However, my question to you has always been; and, will continue to be: BY      WHAT CONSTITUTIONAL AUTHORITY OR QUALIFICATION DID YOU HAVE TO [ACT] AS A SENIOR VIS-ITING JUDGE during January 01, 1991 -through- June 13, 1999?

You're a licensed attorney at law [SBOT #20708000]. You know exactly what I    am asking of yourself; you know exactly what I want from you, and you know just how it is that you can help me. When you presided over my trial, you were      nothing more than a licensed attorney wearing a black robe, sitting on the bench by per-mission of regional judges Ray D. Anderson and Clyde Ashworth. When you conduct-ed voir dire in my case, it was a void "act." When you swore in my jury and wit-nesses, those were also void "acts." When you accepted my plea, that was a  void "act." When you made evidentiary rulings on objections and proffered exhibits at trial, those were also, void "acts." When you wrote out and signed The   Courts Charge to Jury at guilt/innocence and punishment phases; those were void "acts." When you accepted the jurys verdict, that was a void "act." My trial was render-ed a nullity from the very beginning, due to your void "acts." I now sit  within a Texas Level 6 Maximum Security Prison without judgment of conviction, or     a valid sentence. Your oath taken while sitting in the 286th Judicial District did not continue on, past your December 31, 1990 expiration of office. You had    NO Constitutional authority to "Act" (not sit), as a (Special) visiting Judge   from January 01, 1991 -through- June 13, 1999. You know about these facts; and    you know about the law behind those facts.

- 1 -

Here's a prime example. A law student, are they "qualified" to "act" as a licensed Attorney in Texas Courtrooms? No. Now they can assist licensed attorneys but they cannot "act" as an Attorney until they've met qualification requirements of this State. We live in a Constitutionally based democracy. The People made an explicit contract with government and judicial officers; that if you all wanted to obtain and hold office, and become empowered with such authority; then you shall subscribe to, take and file an Oath or Affirmation to defend and uphold a Constitution of the United States and Texas. Without doing that mandate, you're without authority to "act" in that capacity, no matter who told you that it was alright to "Sit" there. Did you not just recently witness President Bush taking another Oath? Why? Because his first oath (expired). One of the most powerful of all governmental members of the United States just exhibited that mandate to the world. The Federal Judiciary is the only body in this country that takes only one Oath for life term limitation, and it has no term limitation until they leave that position. You know of these legal facts Mr. Walker. You're making this a much deeper issue by further trying to appease Tarrant County Officials and, by trying to play ignorant to my questions posed to you in good faith. Take a moment to review Texas Penal Code §§37.10; 37.11; 37.101 and 37.13. Notice how those statutes include one impersonating a public servant acting as a judge or Court. You had no lawful existence under the Constitutions of Texas and the United States during my trial. You had no legal right to sign any papers regarding my case; nor to draw compensation from the Comptroller's office. I'm trying to keep this issue silent in return for your "sealed" assistance in getting me a LEGAL (i.e., Constitutionally qualified) retrial before a Constitutionally qualified court. I know about Claudio Frank Hernandez, 939 S.W.2d 692; Jimmy W. Small, 977 S.W.2d 771; Timothy Daniel Tinlin, 983 S.W.2d 65; Charaka Dharmagunrante, 950 S.W.2d 140; Mickey Joel Fisher, 950 S.W.2d 140; and Rudy R. Garza - who are also unconstitutionally convicted and imprisoned by you. I've not yet contacted them because I've tried to get you to deal only with my case.

Mr. Walker, from my February 28, 2005 letter, you knew good and well what I asked you for, and you know how to help me. When I was accused of violating the law in the instant case; I stepped forward and never denied my part. I made a mistake by overreacting to a threat against my good health and life. I did not have so much as a traffic ticket to my name and record; was John Q. Public; had nearly ten years on the same job. I now sit in a Level 6 Maximum Security Prison for LIFE. I am not just going to sit, nor rot here quietly; knowing that I have NO legal conviction or sentence. I've just passed 12,000 confirmed hours in the law library. I have published case wins in the Texas Reporter's Series and have litigated cases (150+) within every Court in Texas; and Federal Systems from Small Claims; to the United States Supreme Court. This matter of your constitutional - disqualification has just been brought to the attention of the Presiding Judge over the CDC#3 Tarrant County on March 24, 2005. It's on a Bill of Exception in a Chapter 64 DNA proceeding. There are 95 pages supporting your Constitutional disqualifications now sitting in the District Clerks Office as a public record - not subject to the limitations of Tex. Gov't Code §552.028 and/or Tex. R. Jud. Admin., Rule 12 for incarcerated persons to request, and receive. Time is running out, and I will be taking this matter through a series of Courts until you decide to simply admit the truth. Once you do that, I'll agree to seal any record made and we'll go our separate ways. Please begin to see this as a legitimate problem and deal with me accordingly. I've spent nearly two straight years on this very issue, and I am featured within Dan Malone's artciel titled: "Black Robes and Big Questions" (03/10/04) out of Fort Worth Weekly News, without naming you, yet.

- 2 -

If you ignore this letter, and do not respond, that is your God given right; yet it will be taken as a JUDICIAL ADMISSION of your Constitutional disqualification between <u>January 01, 1991</u> -through- <u>June 14, 1999</u>. On a closing note; I know that that is what Sharon Keller's Court of Criminal Appeals requires on this issue. I have to have your admission. That's how Attorney Mark T. Davis won the issue on Prieto; because I bought the entire Clerks Record to have a look for myself. Thus, I look very forward to hearing back from you in thirty (30) days; and I sincerely thank you for your time and consideration in this good faith matter.

Sincerely,

R. Jay Reger #747783

## VERIFICATION

I, Russell Jay Reger, TDCJ-CID #747783, being presently incarcerated in the French M. Robertson Unit of the TDCJ-CID System in Jones County, Texas; do hereby verify and declare under penalty of perjury that the foregoing LETTER and statements made herein are both true and correct, as well as, make in good faith.
[ Civ. Prac. & Rem. Code §132.001.-3. et. seq. / 28 U.S.C. §1746 ]
( A signed/dated/copy of this letter shall have the same validity as the original )

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that I have placed this letter within the Prison Mailbox for mailing, 1st Class Mail, Postage Prepared -- to James K. Walker, on this the **28th** day of **March, 2005.**

RJR/file

- 3 -



# TEXAS CENTER FOR THE JUDICIARY

1210 San Antonio, Suite 800 • Austin, TX 78701
Phone: (512) 482-8986 • In Texas (800) 252-9232 • FAX: (512) 469-7664

**MARI KAY BICKETT**, Executive Director • **TANA J. PETRICH**, Associate Director

June 1, 2004

Ms. Shirley Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644

Re: Former Visiting Judge: James K. Walker

Dear Ms. Hooks:

Regarding your letter of May 14, 2004, first let me inform you that the Texas Center for the Judiciary is a non-profit organization which provides education opportunities to Texas judges in order for them to meet their yearly continuing judicial education requirements. It is not part of our mission or responsibility to keep any information on file regarding oaths or statements.

The regional presiding judges (of which there are nine [9] in the state) would probably have on file any oath or statement of any judge they appoint to sit by assignment in their respective region. Your letter states you have contacted Judge Kelly G. Moore of the 9th Administrative Judicial region.

I am forwarding your letter to the Commission on Judicial Conduct.

Sincerely,

Mari Kay Bickett
Executive Director

*Judicial Excellence Through Education*

| | | | | BOARD OF DIRECTORS | |
|---|---|---|---|---|---|
| **MOLLY M. FRANCIS** | **DEAN RUCKER** | **KEN CURRY** | **STEPHEN B. ABLES** | Michael Schneider (2005) | Guadalupe Rivera (2004) |
| Chair | Chair-Elect | Secretary-Treasurer | Immediate Past Chair | Rogelio Valdez (2004) | Amado Abascal (2006) |
| 5th Court of Appeals | 318th District Court | 153rd District Court | 216th District Court | Wilford Flowers (2005) | Joe Bridges (2005) |
| 600 Commerce, 2nd Floor | 200 West Wall, Suite 200 | 401 West Belknap | Kerr County Courthouse | John J. Specia, Jr. (2006) | Lisa G. Burkhalter (2004) |
| Dallas, TX 75202 | Midland, TX 79701 | Fort Worth, TX 76196 | Kerrville, TX 78028 | Barbara L. Walther (2006) | David Gleason (2005) |
| (214) 712-3400 | (432) 688-4390 | (817) 884-2691 | (830) 792-2290 | | |



# TEXAS ETHICS COMMISSION

P. O. Box 12070, Capitol Station
Austin, Texas 78711-2070



Francisco Hernandez
Chair

Ralph Wayne
Vice Chair

Karen Lundquist
Executive Director

June 9, 2004

Commissioners

Raymond R. "Tripp" Davenport, III
Scott W. Fisher
Tom Harrison
Cullen R. Looney
Wales H. Madden, III
David Montagne

Ms. Shirley C. Hooks
7900 State Highway 155 N.
Gilmer, Texas 75644-6222

Dear Ms. Hooks:

We received your letter in which you appear to file a complaint in a matter outside of the Texas Ethics Commission's enforcement jurisdiction. The Ethics Commission has statutory authority to administer and enforce specific Texas laws, which are listed on the reverse side of this letter. The Ethics Commission is also authorized to issue advisory opinions on those laws as well as Chapters 36 and 39 of the Penal Code (concerning bribery, corrupt influence, and abuse of office). *The Ethics Commission does not have the authority to enforce the Penal Code.*

The letter you sent to us does not appear to raise issues under the laws within the Ethics Commission's enforcement jurisdiction. However, if you believe a violation within the Ethics Commission's enforcement jurisdiction has occurred, please contact us and we will send you the form and instructions for filing a sworn complaint. No other action will be taken with respect to the documents at this time.

Yours truly,

James Forrest
Assistant General Counsel

JF:mc

Ref:    ID# 8251

Ms. Shirley C. Hooks
7900 State Hwy. 155 North
Gilmer, Texas 75644

**August** 19, 2004

STATE LAW LIBRARY
Attn: Judicial Records Archives
P.O. Box 12367, Capitol Station
Austin, Texas 78711-2367

         **RE:** Senior (Special) District Judge: JAMES K. WALKER
              Tex. Gov't Cd. Chapter 552 et. seq. / Tex. R. Jud. Admin., Rule 12

Dear Records Custodian,

        I herewith request true copies of Judicial Officer records in your posses
-sion regarding the above-listed State Judicial Officer; Specifically:

   **a)** [ALL] Oaths of Office taken and filed as the APPOINTED Judge   of
        the 286th Judicial District Court of Hockley/Cochran Counties be-
        tween the years 1984, through January 31, 1991; pursuant  to Tex.
        Const. art. XVI, §1(Vernon 1991, pursuant to Tex. Const. art. XVI
        §1(Vernon 1956);

   **b)** [ALL] Oaths of Office and Anti-bribery Oaths taken and filed as a
        FORMER / SENIOR (Special) Visiting Judge assigned to either   the
        Eighth or Ninth Administrative Judicial Region, between  February
        01, 1991, through July 14, 2000, pursuant to Tex. Const. art. XVI
        §1(Vernon 1989; Supp. 1993);  and

   **c)** [ANY] Commission issued to Mr. Walker, in any capacity listed ab-
        ove in (a) and (b); issued by either the Governor, or the Secret-
        ary of State, pursuant to Tex. Gov't Code §601.005(Vernon 1985) ;
        1 T.A.C. §73.71(Vernon 1983).

Please be advised that I've already requested same records from the Chief Just-
ice of the Texas Supreme Court; Secretary of State; Office of Court Administra-
tion; Eighth and Ninth Administrative Judicial Regions; the District Clerks  of
Hockley; Cochran and Tarrant Counties; Governor Rick Perry (who referred me  to
your Office); Texas State Comptroller of Public Accounts and Mr. Walker himself.
No one possess these records, and you are my last straw.
        If you are not the custodian of these requested judicial records,   would
you please ascertain who the custodian may be, forwarding this REQUEST on    to
them and giving me NOTICE back in fourteen (14) days as is mandated under  Tex.
R. Jud. Admin., Rule 12.6(b) and (f); as well as Tex. Gov't Cd. Chapter 552.  I
thank you for your time and consideration in this Good Faith REQUEST.

                                        Very Truly Yours,

SCH/file
cc: Texas Judge Watch
    Mr. Dan Malone
    www.fwweekly.com                    Ms. Shirley C. Hooks

STATE   OF   TEXAS                              §

                                                §   KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF   TARRANT                             §


## SUPPLEMENTAL AFFIDAVIT OF PAMELA K. HAND


BEFORE ME, the undersigned Notary, on this day, personally appeared: Mrs.
Pamela K. Hand, a person whose identity is known to me. After I administered an
Oath to her, upon her Oath, she said:

"My name is Pamela K. Hand. I am over 18 years of age, and capable of
making this competent affidavit. The facts stated in this  affidavit
are within my personal knowledge, and are both true and correct.   On
May 05, 2004; I called: Mr. James K. Walker on the phone, making    a
'verbal' Texas Rules of Judicial Administrative, Rule 12 REQUEST  for
Judicial Record in his possession, or knowledge. See, Attached: EXHIBIT
- A (Phone Bill Record) showing proof of this call. I attempted  this
route due to Mr. Walker having already refused written Rule 12 reque-
st's made to himself, via U.S. Postal Services, by Mrs. Gaye N Garner
Ms. Shirley C. Hooks; and Ms. Wyona Ard. Mr Walker was defensive   in
his answers to my request for his official oath of office filings for
1991 and 1996. He told me that he gave 'Affidavit to Serve on Judici-
al Assignments' in 1991, and again, in the late 1990's, but could not
recall the exact year. Mr. Walker further told me that he was     not
even required to file a [re]newed oath of office, or anti-bribery oa-
th in 1991, or 1996, under Texas Constitution article XVI, §1(c), (d)
and (f)(Vernon 1989, Supp. 1993). Mr. Walker admitted to myself, that
he did not [re]take; [re]file; nor [re]execute any oaths of office at
his 'Former' visiting Judge status, in 1991 through 1996; nor    his
'Retired' visiting Judge status, in 1996 through 1999."


**FURTHER AFFIANT SAYETH NOT:**

I, Pamela K. Hand, do hereby state under penalty of perjury that the fore
-going Affidavit; Exhibit and Statements made herein, are both true and correct
as well as, made in Good Faith. I attest to these facts, by affixing my signat-
ure below in the presence of a Notary Public.

SIGNED AND EXECUTED on this the _11th_ day of _October_, 200_4_.
( A signed copy of this affidavit shall have the same validity as the original )

                                        Respectfully Submitted.

                                        /s/ Pamela K. Hand
                                        Affiant
                                        Pamela K. Hand
                                        1027 W. Pioneer Pkwy. #E
                                        Arlington, Texas 76013
                                        (817) 460-9570

                                        Pages  1  of  2  [Aff-  ]

STATE OF TEXAS                    §
                                 §
COUNTY OF TARRANT                §

## JURAT

SWORN TO AND SUBSCRIBED before me by: <u>Mrs. Pamela K. Hand</u>, a.k.a., <u>TX DL 20711322</u> on this the 11th day of <u>October</u>, 2004.

WITNESS MY HAND AND OFFICIAL SEAL:

Affiant ____ Known

Produced ID <u>TX DL 20 7113 22</u>

Type of ID <u>Driver License</u>.

_Krishna M. Bhaskar_
NOTARY PUBLIC



KRISHNA M. BHASKAR
Notary Public, State of Texas
My Commission Expires
May 04, 2008

_Krishna M Bhaskar_
PRINTED NAME / TITLE

cc: PKH/file
    TEXAS JUDGE WATCH

**Pages 2 of 2 [Aff- ]**

**Account Number**
**817-460-9225-896-9**
**May 19, 2004**

**(SBC)**

Page    10 of    12

| Call Charges | No | Date | Time | Place Called | | Area | Number | _*_ | Min | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| (Continued) | 60 | 05/01 | 05:56P | BOYD | TX | 940 | 433-5836 | D | 3:00 | .00 |
| | 61 | 05/01 | 09:46P | MIDLOTHIAN | TX | 972 | 775-6810 | D | 21:00 | .00 |
| | 62 | 05/02 | 12:42P | DORA | AL | 205 | 648-4181 | D | 5:00 | .00 |
| | 63 | 05/02 | 12:48P | JASPER | AL | 205 | 387-4308 | D | 3:00 | .00 |
| | 64 | 05/02 | 10:06P | BOYD | TX | 940 | 433-5836 | D | 5:00 | .00 |
| | 65 | 05/03 | 08:48A | DECATUR | TX | 940 | 627-7443 | D | 4:00 | .00 |
| | 66 | 05/03 | 08:51A | BOWIE | TX | 940 | 841-1694 | D | 1:00 | .00 |
| | 67 | 05/03 | 11:22A | BOWIE | TX | 940 | 872-9782 | D | 2:00 | .00 |
| | 68 | 05/03 | 11:24A | BOWIE | TX | 940 | 841-0095 | D | 2:00 | .00 |
| | 69 | 05/03 | 01:44P | BOWIE | TX | 940 | 872-1196 | D | 3:00 | .00 |
| | 70 | 05/03 | 01:47P | BOWIE | TX | 940 | 872-9782 | D | 1:00 | .00 |
| | 71 | 05/03 | 01:48P | BOWIE | TX | 940 | 841-1694 | D | 1:00 | .00 |
| | 72 | 05/03 | 04:55P | DLFTWTARPT | TX | 972 | 456-4092 | D | 1:00 | .00 |
| | 73 | 05/03 | 05:02P | DLFTWTARPT | TX | 972 | 456-4092 | D | 8:00 | .00 |
| | 74 | 05/04 | 02:27P | BOWIE | TX | 940 | 872-9782 | D | 2:00 | .00 |
| | 75 | 05/04 | 02:40P | DECATUR | TX | 940 | 627-1707 | D | 1:00 | .00 |
| | 76 | 05/04 | 02:55P | BOWIE | TX | 940 | 872-9782 | D | 1:00 | .00 |
| | 77 | 05/04 | 02:55P | BOWIE | TX | 940 | 841-1694 | D | 2:00 | .00 |
| | 78 | 05/04 | 02:58P | BOWIE | TX | 940 | 841-1694 | D | 1:00 | .00 |
| | 79 | 05/05 | 09:42A | LEVELLAND | TX | 806 | 894-9036 | D | 1:00 | .00 |
| | 80 | 05/05 | 09:43A | LEVELLAND | TX | 806 | 894-9036 | D | 3:00 | .00 |
| | 81 | 05/05 | 09:54A | RICHARDSON | TX | 972 | 927-7172 | D | 1:00 | .00 |
| | 82 | 05/05 | 09:55A | RICHARDSON | TX | 972 | 927-5307 | D | 1:00 | .00 |
| | 83 | 05/05 | 09:55A | RICHARDSON | TX | 972 | 927-7172 | D | 1:00 | .00 |
| | 84 | 05/05 | 09:51P | BOWIE | TX | 940 | 872-2283 | D | 9:00 | .00 |

Subtotal Domestic Calls for 817-460-9225                          .00

Total Domestic Calls for 817-460-9225                            .00
**Operator Assisted**
85 05/03 01:43P DIR ASST    TX    940 555-1212 D    :40    1.25

Subtotal Operator Assisted Calls for 817-460-9225         1.25

Total Operator Assisted Calls for 817-460-9225            1.25

Total Calls for 817-460-9225                              1.25

Total Call Charges                                        1.25

| Surcharges | | Description | |
|---|---|---|---|
| | 86 | TX Equalization Surcharge | .01 |
| | 87 | TX Telecom Infrastructure Fund Assessment | .02 |
| | 88 | TX USF Charge (3.6%) | .05 |

Total Surcharges                                          .08

SBC Long Distance
Billing Questions:
1-800-585-7898 scribed and sworn before me, this _11th_
day of _October, 2004_, a Notary Public
in and for _Tarrant_ County,
State of _Texas_.

_Krishna M Bhaskar_
(Signature)
NOTARY PUBLIC
My Commission expires _May 04th, 2008_

X _Pamela K. Hand_
_10-11-04_

**KRISHNA M. BHASKAR**
Notary Public, State of Texas
My Commission Expires
May 04, 2008

Recyclable Paper

⊗ § ‡ # See Back of Page 1

EXHIBIT: [A]

# EXHIBIT "F"

C

**VERNON'S TEXAS STATUTES AND CODES ANNOTATED**
**CONSTITUTION OF THE STATE OF TEXAS 1876**
**ARTICLE XVI. GENERAL PROVISIONS**

Copr. © West Group 2003. All rights reserved.

Current through Chapters effective immediately through Ch. 1335 (End)
of the 78th Reg. Sess. (2003)

§ 1. Official Oath

Sec. 1. (a) All elected and appointed officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation:

"I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God."

(b) All elected or appointed officers, before taking the Oath or Affirmation of office prescribed by this section and entering upon the duties of office, shall subscribe to the following statement:

"I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, promised to pay, contributed, or promised to contribute any money or thing of value, or promised any public office or employment for the giving or withholding of a vote at the election at which I was elected or as a reward to secure my appointment or confirmation, whichever the case may be, so help me God."

(c) Members of the Legislature, the Secretary of State, and all other elected and appointed state officers shall file the signed statement required by Subsection (b) of this section with the Secretary of State before taking the Oath or Affirmation of office prescribed by Subsection (a) of this section. All other officers shall retain the signed statement required by Subsection (b) of this section with the official records of the office.

CREDIT(S)

Amended Nov. 8, 1938; Nov. 6, 1956; Nov. 7, 1989; Nov. 6, 2001.

<General Materials (GM) - References, Annotations, or Tables>

**HISTORICAL NOTES**

2003 Electronic Update

The 2001 amendment, proposed by Acts 2001, 77th Leg., H.J.R. No. 75, § 8.01, in subsec. (a), substituted "All" for "Members of the Legislature, and all other" and inserted "and appointed"; in subsec. (b), substituted "All" for "Each member of the Legislature and all other" and inserted "or appointed", in the statement following subsec. (b), inserted "or as a reward to secure my appointment or confirmation, whichever the case may be,"; deleted subsecs. (c) and (d) and redesignated former subsecs. (e) and (f) as new subsec. (c). Prior to the amendment, subsecs. (c) to (f) read:

"(c) The Secretary of State, and all other appointed officers, before entering upon the duties of their offices, shall take the following Oath or Affirmation:

"'I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United

TX CONST Art. 16, § 1                                                                 Page 2

Vernon's Ann.Texas Const. Art. 16, § 1



States and of this State, so help me God.'

"(d) The Secretary of State, and all other appointed officers, before taking the Oath or Affirmation of office prescribed by this section and entering upon the duties of office, shall subscribe to the following statement:

"'I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, or promised to pay, contributed, or promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward to secure my appointment or confirmation thereof, so help me God.'

"(e) Members of the Legislature and all other elected officers shall file the signed statement required by Subsection (b) of this section with the Secretary of State before taking the Oath or Affirmation of office prescribed by Subsection (a) of this section.

"(f) The Secretary of State and all other appointed officers shall file the signed statement required by Subsection (d) of this section with the Secretary of State before taking the Oath or Affirmation of office prescribed by Subsection (c) of this section."

1993 Main Volume

The 1938 amendment, proposed by Acts 1937, 45th Leg., H.J.R. No. 20, rewrote the form of the oath which prior thereto read:

"Section 1. Members of the Legislature, and all officers, before they enter upon the duties of their offices, shall take the following oath or affirmation: I, (____) do solemnly swear, (or affirm), that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____, according to the best of my skill and ability, agreeably to the Constitution and laws of the United States and of this State; and I do further solemnly swear, (or affirm), that since the adoption of the Constitution of this State, I, being a citizen of this State, have not fought a duel with deadly weapons, within this State nor out of it, nor have I sent or accepted a challenge to fight a duel with deadly weapons, nor have I acted as second in carrying a challenge, or aided, advised or assisted any person thus offending. And I furthermore solemnly swear, (or affirm), that I have not directly, nor indirectly paid, offered or promised to pay, contributed, nor promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward for the giving or withholding a vote at the election at which I was elected, (or if the office is one of appointment, to secure my appointment.) So help me God."

The 1956 amendment proposed by Acts 1955, 54th Leg., H.J.R. No. 46 changed the form of the oath of office to add an oath to be taken by the Secretary of State and all other appointive officers of the State.

The 1989 amendment proposed by Acts 1989, 71st Leg., H.J.R. 40, § 1 rewrote the oath of office which prior thereto read:

"Section 1. Members of the Legislature, and all other elected officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation:

"I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State; and I furthermore solemnly swear (or affirm), that I have not directly nor indirectly paid, offered, or promised to pay, contributed, nor promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward for the giving or withholding a vote at the election at which I was elected. So help me God:

"The Secretary of State, and all other appointed officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation:

"I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State; and I furthermore solemnly swear (or affirm), that I have not directly nor indirectly paid, offered, or promised to pay, contributed, nor promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward to secure my appointment or the confirmation thereof. So help me God."

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

TX CONST Art. 16, § 30

Vernon's Ann.Texas Const. Art. 16, § 30



VERNON'S TEXAS STATUTES AND CODES ANNOTATED
CONSTITUTION OF THE STATE OF TEXAS 1876
**ARTICLE XVI. GENERAL PROVISIONS**
     **§ 30. Duration of offices; Railroad Commission**


Sec. 30. (a) The duration of all offices not fixed by this Constitution shall never exceed two years.


(b) When a Railroad Commission is created by law it shall be composed of three Commissioners who shall be elected by the people at a general election for State officers, and their terms of office shall be six years. And one Railroad Commissioner shall be elected every two years. In case of vacancy in said office the Governor of the State shall fill said vacancy by appointment until the next general election.


(c) The Legislature may provide that members of the governing board of a district or authority created by authority of Article III, Section 52(b)(1) or (2), or Article XVI, Section 59, of this Constitution serve terms not to exceed four years.


(d) The Legislature by general or special law may provide that members of the governing board of a hospital district serve terms not to exceed four years.


CREDIT(S)

Amended Nov. 6, 1894, proclamation Dec. 21, 1894; Nov. 2, 1982; Nov. 7, 1989; Nov. 2, 1999.

<General Materials (GM) - References, Annotations, or Tables>


HISTORICAL NOTES


2003 Electronic Update

The proposed amendments of this section by Acts 1999, 76th Leg., H.J.R. No. 74 and by Acts 1999, 76th Leg., H.J.R. No. 95 were not adopted by the voters at the Nov. 2, 1999 election.

The 1999 amendment, proposed by Acts 1999, 76th Leg., H.J.R. No. 62, § 49, in subsec. (b), deleted the second sentence which provided, "Railroad Commissioners first elected after this amendment goes into effect shall hold office as follows; One shall serve two years, and one four years, and one six years; their terms to be decided by lot immediately after they shall have qualified.".

1993 Main Volume

The 1894 amendment rewrote this section, which prior thereto read:



"The duration of all offices not fixed by this Constitution shall never exceed two years."

The 1982 amendment, proposed by Acts 1981, 67th Leg., p. 4222, H.J.R. No. 77, § 1, rewrote the section, which prior thereto read:

"The duration of all offices not fixed by this Constitution shall never exceed two years; provided, that when a Railroad Commission is created by law it shall be composed of three Commissioners who shall be elected by the people at a general election for State officers, and their terms of office shall be six years; provided, Railroad Commissioners first elected after

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Vernon's Ann.Texas Const. Art. 16, § 30

this amendment goes into effect shall hold office as follows: One shall serve two years, and one four years, and one six years; their terms to be decided by lot immediately after they shall have qualified. And one Railroad Commissioner shall be elected every two years thereafter. In case of vacancy in said office the Governor of the State shall fill said vacancy by appointment until the next general election."

The 1989 amendment proposed by Acts 1989, 71st Leg., H.J.R. 4, § 1, approved by the voters at the Nov. 7, 1989 election, added (d).

**Earlier Constitutions:**
Const.1845, Art. 7, § 10.
Const.1861, Art. 7, § 10.
Const.1866, Art. 7, § 10.
Const.1869, Art. 12, § 38.

CROSS REFERENCES

Railroad Commission, see Vernon's Ann.Civ.St. art. 6444 et seq.

RESEARCH REFERENCES

2003 Electronic Update

**Encyclopedias**

TX Jur. 3d Administrative Law § 8, Creation By Constitution.

TX Jur. 3d Administrative Law II REF, Divisional References.

TX Jur. 3d Public Officers & Employees § 63, Generally; Term Limits.

TX Jur. 3d Public Officers & Employees § 64, Applicability.

TX Jur. 3d Public Officers & Employees § 362, Tenure.

TX Jur. 3d Public Officers & Employees VII A REF, Divisional References.

**Forms**

2 West's Texas Forms AGENCY DIR., Agency Directory.

**Treatises and Practice Aids**

35 Tex. Prac. Series § 7.1, Nature And Definition Of "Public Official".

35 Tex. Prac. Series § 7.6, Terms Of Office.

36 Tex. Prac. Series § 21.45, State Prosecutor Council.

36 Tex. Prac. Series § 22.13, Such Other Courts.

36 Tex. Prac. Series § 40.50, Road Utility Districts-Water District Assumption Of Rud Powers.

36A Tex. Prac. Series § 41.30, Transit Authorities-Metropolitan Transit Authority-Board Of Directors.

36A Tex. Prac. Series § 46.29, Particular Districts-River Authorities.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

TEXAS CRIMINAL LAWS

CODE OF CRIMINAL PROCEDURE

# CCP Ch. 30. DISQUALIFICATION OF THE JUDGE

| ARTICLE | CONTENTS | PAGE |
|---|---|---|
| Art. 30.01. | CAUSES WHICH DISQUALIFY | 160 |
| Art. 30.02. | DISTRICT JUDGE DISQUALIFIED | 160 |
| Art. 30.03. | COUNTY JUDGE DISQUALIFIED, ABSENT, OR DISABLED | 160 |
| Art. 30.04. | SPECIAL JUDGE TO TAKE OATH | 160 |
| Art. 30.05. | RECORD MADE BY CLERK | 161 |
| Art. 30.06. | COMPENSATION | 161 |
| Art. 30.07. | JUSTICE DISQUALIFIED | 161 |
| Art. 30.08. | ORDER OF TRANSFER | 161 |

**CCP Art. 30.01. CAUSES WHICH DISQUALIFY.**
No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code.

**CCP Art. 30.02. DISTRICT JUDGE DISQUALIFIED.**
Whenever any case is pending in which the district judge or criminal district judge is disqualified from trying the case, no change of venue shall be made necessary thereby; but the judge presiding shall certify that fact to the presiding judge of the administrative judicial district in which the case is pending and the presiding judge of such administrative judicial district shall assign a judge to try such case in accordance with the provisions of Article 200a, V.A.C.S.

**CCP Art. 30.03. COUNTY JUDGE DISQUALIFIED, ABSENT, OR DISABLED**
**Sec. 1.** When the judge of the county court or county court at law, or of any county criminal court, is disqualified in any criminal case pending in the court of which he is judge, the parties may by consent agree upon a special judge to try such case.

**Sec. 2.** In the event a county judge is absent or is for any cause disabled from presiding, a special judge may be appointed by the commissioners court of the county.

**Sec. 3.** In the event the regular judge of a county court at law is absent or for any reason disabled from presiding, a special judge who is an attorney may be appointed by the commissioners court of the county.

**Sec. 4.** The special judge so appointed must possess those qualifications required of the regular judge of the court and, when appointed shall serve for the period of time designated by the order of appointment but in no event beyond that period of time the regular judge is absent or disabled.

**CCP Art. 30.04. SPECIAL JUDGE TO TAKE OATH.**
In addition to any oath previously taken, an attorney agreed upon, elected, or appointed to serve as special judge, including an attorney who is a retired, former, or active judge, shall, before he enters upon his duties as special judge, take the oath of office required by the Constitution.

**CCP Art. 30.05. RECORD MADE BY CLERK.** When a special judge is agreed upon by the parties, elected, or appointed as herein provided, the clerk shall enter in the min-
utes as a part of the proceedings in such cause a record showing:
1. That the judge of the court was disqualified, absent, or disabled to try the cause;
2. That such special judge (naming him) was by consent of the parties agreed upon, or elected or appointed;
3. That, in addition to any oath previously taken, the oath of office prescribed by law for the special judge, including a special judge who is a retired, former, or active judge, was duly administered to such special judge.

**CCP Art. 30.06. COMPENSATION.** A special judge selected or appointed in accordance with the preceding Articles shall receive the same compensation as provided by law for regular judges in similar cases.

**CCP Art. 30.07. JUSTICE DISQUALIFIED.** If a justice of the peace be disqualified from sitting in any criminal action pending before him, he shall transfer the same to any justice of the peace in the county who is not disqualified to try the case.

**CCP Art. 30.08. ORDER OF TRANSFER.** In cases provided for in the preceding Article, the order of transfer shall state the cause of the transfer, and name the court to which the transfer is made, and the time and place, when and where, the parties and witnesses shall appear before such court. The rules governing the transfer of cases from the district to inferior courts shall govern in the transfer of cases under the preceding Article.

# CCP Ch. 31. CHANGE OF VENUE

| ARTICLE | CONTENTS | PAGE |
|---|---|---|
| Art. 31.01. | ON COURT'S OWN MOTION | 161 |
| Art. 31.02. | STATE MAY HAVE | 161 |
| Art. 31.03. | GRANTED ON MOTION OF DEFENDANT | 161 |
| Art. 31.04. | MOTION MAY BE CONTROVERTED | 161 |
| Art. 31.05. | CLERK'S DUTIES ON CHANGE OF VENUE | 161 |
| Art. 31.06. | IF DEFENDANT BE IN CUSTODY | 162 |
| Art. 31.07. | WITNESS NEED NOT AGAIN BE SUMMONED | 162 |
| Art. 31.08. | RETURN TO COUNTY OF ORIGINAL VENUE | 162 |
| Art. 31.09. | CHANGE OF VENUE; USE OF EXISTING SERVICES | 162 |

**CCP Art. 31.01. ON COURT'S OWN MOTION.** Whenever in any case of felony or misdemeanor punishable by confinement, the judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State, cannot, from any cause, be had in the county in which the case is pending, he may, upon his own motion, after due notice to accused and the State, and after hearing evidence thereon, order a change of venue to any county in the judicial district in which such county is located or in an adjoining district, stating in his order the grounds for such change of venue. The judge, upon his own motion, after ten days notice to the parties or their counsel, may order a change of venue to any county beyond an adjoining district; provided, however, an order changing venue to a county beyond an adjoining district shall be grounds for reversal if, upon timely contest by the defendant, the record of the contest affirmatively shows that any county in his own and the adjoining district is not subject to the same conditions which required the transfer.

**CCP Art. 31.02. STATE MAY HAVE.** Whenever the district or county attorney shall represent in writing to the court before which any felony or misdemeanor case punishable by confinement, is pending, that, by reason of existing combinations or influences in favor of the accused,

572 S.W.2d 934

(Cite as: 572 S.W.2d 934)

Page 1

Court of Criminal Appeals of Texas.

John Allen FRENCH, Appellant,
v.
The STATE of Texas, Appellee.

No. 52006.

May 25, 1977.
On State's Second Motion For Rehearing Nov. 15, 1978.

Appeal was taken from an order of the County Court, Wise County, Charles R. Wilhite, J., revoking probation. After setting aside the order revoking probation and remanding the cause, 546 S.W.2d 612, the Court of Criminal Appeals, Phillips, J., denied the State's motion for rehearing. On the State's second motion for rehearing, the Court, Davis, J., held that a search warrant was void where it was issued by one who had not taken the oath of office.

Motions for rehearing overruled.

Douglas, J., dissented from ruling on first motion for rehearing and filed opinion, in which Roberts, J., joined.

Dally, J., dissented from ruling on second motion for rehearing and filed opinion in which Douglas and Roberts, JJ., joined.

West Headnotes

[1] Officers and Public Employees ⬅40
283k40 Most Cited Cases

Doctrine of officers de facto was created as matter of public policy to protect both officer appointed by some power having "color" of authority to appoint him and public relying on validity of that appointment; however, doctrine is not applicable where there is de jure officer in actual performance of duties of his office. Vernon's Ann.Civ.St. art. 1196(a); Vernon's Ann.St.Const. art. 11, § 5.

[2] Judges ⬅6
227k6 Most Cited Cases

Temporary judge of home rule city is at least de facto judge. Vernon's Ann.Civ.St. art. 1196(a); Vernon's Ann.St.Const. art. 11, § 5.

[3] Judges ⬅5
227k5 Most Cited Cases
Without taking of oath prescribed by Texas Constitution, one cannot become either de jure or de facto judge, and his acts as such are void. Vernon's Ann.St.Const. art. 11, § 5.

[4] Searches and Seizures ⬅103.1

349k103.1 Most Cited Cases
(Formerly 349k103, 349k3.4)

Where search warrant was issued by one who had not taken oath of office, warrant was void and evidence seized thereunder was not admissible. Vernon's Ann.Civ.St. art. 1196(a); Vernon's Ann.St.Const. art. 11, § 5.
*934 M. P. Duncan, III, Decatur, for appellant.

Jack E. Shriver, County Atty., Decatur, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION
ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

On original submission we held that Sec. 12C-3 of the Hurst City Ordinances, providing for the appointment of temporary ("alternate") municipal judges, conflicts with Art. 1196(a), V.A.C.S., and is therefore void under Art. 11, Sec. 5 of the Texas Constitution. Additionally, we held that the issuance of a search warrant in this cause by R. A. Hargrave, an "alternate" magistrate appointed pursuant to Sec. 12C-3, could not be upheld as the act of a de facto magistrate. The mandate of the earlier opinion was withdrawn under the authority of Deramee v. State, Tex.Cr.App., 379 S.W.2d 908, and the State's motion for leave to file a motion for rehearing was granted so that we could consider the State's contention that acts of the Hurst alternate municipal judges are not void. The State's motion for rehearing is overruled, and the order revoking probation is reversed.

*935 The original opinion relied on Germany v. State, 109 Tex.Cr.R. 180, 3 S.W.2d 798, which the dissenting opinion incorrectly concludes is inapposite to the instant case. The Court in Germany held that an officer de jure and an officer de facto cannot be in possession of the same office at the same time. It further held that two different officers de facto cannot be in an office for which the law provides only one incumbent. The record in the instant case reflects that the city of Hurst has one elected municipal judge and three appointed "alternate" magistrates. Thus, we have the situation of one de jure officer and three officers de facto. As noted in the original opinion, Art. 1196(a), V.A.C.S., is the statutory authorization for municipal judges in home rule cities. It is this statute, which was authorized by Art. 11, Sec. 5, of the Texas Constitution, which is the law in the instant case. It is this statute which controls. The fact that Sec. 12C-3 of Hurst City Ordinances provides for the appointment of additional judges to the municipal court is not relevant.

[1] The doctrine of officers de facto was created as a matter

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works