I

# EXHIBIT "I"

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. 05-03-19,935

| | | |
|---|---|---|
| IN RE: | ) | IN THE DISTRICT COURT |
| | ) | |
| RUSSELL JAY REGER, | ) | HOCKLEY COUNTY, TEXAS |
| | ) | |
| PETITIONER | ) | 286TH JUDICIAL DISTRICT |

HEARING ON PETITION TO TAKE DEPOSITION

On the 25th day of May, 2005, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Harold Phelan, Judge Presiding, held in Levelland, Hockley County, Texas.

Proceedings reported by computerized stenotype machine.

COPY

**APPEARANCES**

Mr. Russell Jay Reger
TDCJ-ID #747783
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601
Pro Se Petitioner/Plaintiff
(Via Telephone)

Mr. Anthony G. Brocato, Jr.
SBOT NO. 03039001
Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2080
Attorney for Defendant James K. Walker
(Via Telephone)

VOLUME 1

Hearing on Petition to Take Deposition

May 25, 2005

| | PAGE | VOL. |
|---|---|---|
| Proceedings ................................ | 4 | 1 |
| Adjournment ................................ | 16 | 1 |
| Reporter's Certificate ...................... | 17 | 1 |

occurs in '96 cannot be the basis of a federal civil rights suit under 42 U.S.C. Section 1983. And that's because, Judge, it's well known, and I can supplement with even more case law, but it is very well known that the statute of limitations for a civil rights suit, under 1983, is two years.

And the Plaintiff -- the Petitioner/Plaintiff just waited way too long to serve his petition to take deposition, which he served as a lawsuit, and that's why we filed an answer and a plea to the jurisdiction.

Additionally, inmates like this cannot proceed in a civil rights lawsuit, they cannot proceed to attack their criminal conviction or anything that occurred with regards to their conviction until they have exhausted the habeas remedies and they have received an order that shows that the conviction has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal authorized to make such determination. That's Supreme Court law, *Heck versus Humphrey*.

And that's -- that's the -- the essence of our -- our plea to the jurisdiction, as well as any prisoner lawsuit. And the Petitioner here filed this as a lawsuit, It has got to be dismissed under our Chapter 14, which strictly --

*THE COURT:* Well, let's get to that later, --

09:38 PROCEEDINGS

09:38 THE COURT: Okay. All right. This is Cause No. 05-03-19,935, In Re: Russell Jay Reger, Petitioner.

11:01 Announcements, please?

11:01 MR. BROCATO: Yes. This is Anthony G. Brocato, Jr., assistant attorney general with the Texas Attorney General's Office, and I represent the -- the Respondent, or, actually, the Defendant, since we were served with suit, and that is going to be Defendant James K. Walker, Honorable Senior Judge.

11:01 THE COURT: All right.

11:01 MR. REGER: This is Russell J. Reger, the Petitioner, pro se.

11:01 THE COURT: All right. I think the first matter would be the plea to the jurisdiction. If you would like to proceed, Mr. Brocato.

11:01 MR. BROCATO: Thank you, Your Honor. As we pointed out in the plea to the jurisdiction, there cannot be a lawsuit on this matter because what the Petitioner, or the Plaintiff, actually, Mr. Reger, is trying to say is that he had some criminal trial in front of Defendant Judge James Walker.

11:02 That criminal trial was back on April the 8th, 1996, through April the 12th, 1996. Something that

MR. BROCATO: Okay.

THE COURT: -- Mr. Brocato. Let Mr. Reger respond to your plea.

MR. BROCATO: Yes, Your Honor.

MR. REGER: Yes, Your Honor. I contend that this is not a lawsuit. This is a civil discovery proceeding that was enacted by the Texas Supreme Court in 1999. It is clearly labeled "Depositions before Suit or to Investigate Claims". I don't know, at this time, without having answers from the deponent, which way I would be taking this into the courts.

But as of right now, the Court should have a copy of my Request for Court to Take Judicial Notice of Adjudicated Facts.

THE COURT: I do.

MR. REGER: And it has exhibits on there which shows a prima facie case by preponderance of the evidence that if Mr. Walker was not a state officer, then, subsequently, all conviction and proceedings that he presided over in my case are null and void.

And *Heck v. Humphrey* does not apply to people -- or to judicial officers that were outside of their jurisdiction.

THE COURT: Well, you are getting to the merits of your case. At this point, what I am talking

about is respond to the plea to the jurisdiction of the attorney general.

*MR. REGER:* Well, I -- yes, sir.

This Court has jurisdiction under Rule 202 of Texas Rules of Civil Procedure. The deponent and the attorney was served with a copy of the petition ten days before this hearing and everything is in order.

I had another motion that I filed before the Court for -- under Rule 12 of the Civil Rules of Procedure for the attorney general to show to even defend Mr. Walker --

*THE COURT:* Well, we haven't got to that either, yet.

*MR. REGER:* Yes, sir.

*THE COURT:* Let's take them one at a time.

All right. Mr. Brocato?

*MR. BROCATO:* Your Honor, if I may respond to the Petitioner's claim that he wants to just call this a deposition, a -- you know, a petition to take a deposition under Rule 202, Rule 202.1 says that a person may petition the court for an order authorizing the taking of a deposition under only two scenarios.

One of them, the Plaintiff is not claiming, which is to -- to keep some testimony of himself or witnesses, you know, for -- for a trial later. He is not

claiming that.

He is claiming that -- that Section B, to investigate a potential claim or suit. Inmates that want to talk about a potential claim have to show that they have got a claim.

And to say that my client, the Defendant, did something to him in his trial in 1996, nine years ago, does not give rise to a potential claim for the same reason as we said in the -- the plea to the jurisdiction. There is no civil rights lawsuit. It is time barred. The statute of limitations is two years.

He can never have a potential claim for suit with regards to something that occurred nine years ago. He can never have a potential claim or suit. It's time barred.

*THE COURT:* All right.

*MR. REGER:* May I respond to that?

*THE COURT:* You may.

*MR. REGER:* Up under Ex parte Seidel, 39 S.W.3d 221, it's -- they hold that void judgments can be attacked at any time, they -- that they do not invest any validity in the judgment, that they do not enforce or put any -- it's a nullity from the beginning and is attended by none of the consequences of a valid judgment, is entitled to no respect whatsoever because it does not affect,

11:08 impair, or create legal rights.

11:08 *THE COURT:* Well, I understand that, Mr. Reger. But that wouldn't be the nature of your suit in Hockley County. That would be to set aside the judgment in Tarrant County, wouldn't it -- would it not?

11:08 *MR. REGER:* Yes, Your Honor. And what I am needing is for Mr. Walker to simply answer the questions that I pose to him so I would have a platform that I can maneuver off of after that.

11:08 *THE COURT:* Well, looking at your fax you wanted me to adjudicate, it appears that you have already got sufficient evidence to bring a suit in Tarrant County to claim that judgment was void.

11:09 Why do you need to come to Hockley County and take a deposition?

11:09 *MR. REGER:* Well, up under 202, the rules under investigating potential claim has to be filed in the area where the deponent resides or where his normal place of business is in.

11:09 *THE COURT:* Well, I understand that. But my question is, why do you need that if you have got all of these facts showing that there was no oath of office taken during the time period that you were tried?

11:09 *MR. REGER:* Well, up under lower appellate court rulings, Delamor v. State, In re Pazze, Espinoza

11:09 v. State, they say that -- their holdings are that a lack of any required oath within the Secretary of State is no proof in itself of a failure of a trial judge to take the required oaths.

See, and I have an admission from Mr. Walker that he did not have anything filed, and that he doesn't possess copies of what I -- what I have been asking from him.

What I am needing is an answer specifically that he did not take that oath after he was beat in re-election out of the 286th.

*THE COURT:* Right. Mr. Brocato?

*MR. BROCATO:* Judge, it sounds like what he is trying to tell you is something in the nature of an evidentiary hearing before a judge on a habeas corpus petition, and my understanding is Mr. Reger has a habeas corpus petition pending in the Court of Appeals for the Tarrant County area, or something of that nature.

*THE COURT:* Right. We are --

*MR. BROCATO:* I think he should follow up on that.

*THE COURT:* We are going to -- we are going to get to that when we talk about the motion -- your motion to dismiss.

I think that the petition or the -- petition

to take deposition, I think I do have jurisdiction, so I am going to deny your plea of jurisdiction. And now I will let you address your motion to dismiss.

*MR. BROCATO:* Yes, Your Honor.

The Petitioner chose to file this petition to take deposition, he chose to file that as a lawsuit. It has got a cause number for a lawsuit. It was served on my client, the judge, as a lawsuit. And we filed our answer, our plea to the jurisdiction, and our motion to dismiss.

Mr. Reger is an inmate of the Texas Department of Criminal Justice. He filed this suit as an inmate. And because of that, the legislature passed, already has in place, Chapter 14 of the Texas Civil Practice and Remedies Code, and that governs inmate litigation. It was enacted in response to the unfortunate truth that too -- far too many inmate litigation is federally frivolous.

Chapter 14 allows the courts to dismiss inmate claims that lack either -- you know, lack basis in law either before or after service of process.

Mr. Reger's lawsuit lacks an arguable basis in law because, on the face of it, he has filed it nine years after the trial that he wants to dispute, and it's barred by limitations because a civil rights lawsuit has to be filed in two years.

Also, of course, he has got to go and exhaust his administrative remedies. You know, the Supreme Court's opinion in *Heck versus Humphrey* is that a prison inmate can't have a Section 1983 lawsuit until he has shown that his conviction has been overturned -- overturned, which Mr. Reger hasn't shown.

Also, Section 14.004 requires the inmate to file an affidavit describing all previous lawsuits, describing the operative facts of each case, the case name, the cause number, and the court in which this suit was brought, the parties to a suit, and the results of the suit.

*THE COURT:* That's the one I want Mr. Reger to respond to, is 14.004.

What -- what is your story on that, Mr. Reger?

*MR. REGER:* Okay. Your Honor. On -- as far as Chapter 14 goes, it was enacted by legislation of June the 8th of 1995. 202 was brought into effect January 1, 1999. And I am -- you know, this -- this proceeding was made just for this, to investigate claims before bringing lawsuits so that no frivolous lawsuits are brought. That's what it was -- its whole intention was to curb that issue.

*THE COURT:* But are you -- you are telling me

that you are not bound by 14.004?

*MR. REGER:* The rule doesn't say anything about that inmates have to revert back and file a Chapter 14 up underneath --

*THE COURT:* It says that if you file a pauper's affidavit, which you have, --

*MR. REGER:* Yes.

*THE COURT:* -- that you have to list all of the lawsuits that you have filed and give me the disposition of that.

*MR. REGER:* Okay.

*THE COURT:* Why do you think you are not bound by that?

*MR. REGER:* Well, like I said, Your Honor, the rule didn't really call for it. But as far as -- I have looked at some case law on it, and it says that if you do require me to file it, that I can go ahead and file it without you dismissing. And that is *Hughes v. Massey*, 65 S.W.3d 743 and Hicks -- *Hickson v. Moya*, 926 S.W.2d 397.

I have already got that sketched out and I can have it in the mail tonight if you do require me to file that as a condition for me to process through with this proceeding.

*MR. BROCATO:* Well, Your Honor, that -- the law on exhaust -- of inmates, you know, filing the

affidavit to detail their previous lawsuits, that law was meant to allow courts to expeditiously dismiss these cases without prejudice, that would prevent him from being prejudiced because of the fact that the required affidavit is not here. So, I think the Court can, under even the case law that the Petitioner is citing the Court, I think the Court can dismiss this without prejudice.

And, you know, I think what the Petitioner should be telling the Court is the nature of the habeas corpus or the direct appeals, you know, what the status of that is. Because I -- on information and belief, I kind of think he is challenging all of this in another courtroom in front of -- in another type of proceeding.

*THE COURT:* Well, also, Mr. Reger, I don't see that you complied with Rule 202-F, one or two.

*MR. REGER:* 202.2?

*THE COURT:* 202.2-F, one or two, where you are supposed to name the people that have an interest adverse to you; and, I think the State of Texas would be one party that would have an interest adverse to you.

And also --

*MR. REGER:* Well, Your Honor, if -- at the moment, I -- like I said before, I don't anticipate to file suit against Texas.

*THE COURT:* Well, --

MR. REGER: I am investigating this claim up underneath James K. Walker. And on my petition, right on Page 1 --

THE COURT: I thought the purpose of this was to void your Tarrant County judgment.

MR. REGER: It is -- it is to get an affirmation that it is void. That was the whole purpose of this proceeding. But as far as -- I don't know how I can raise the claim until Mr. Walker answers those 30 questions that I have posed to him.

THE COURT: Anything further?

MR. REGER: The Rule 12 motion.

MR. BROCATO: There hasn't been a hearing set on any type of Rule 12 motion, Your Honor.

THE COURT: Well, I think that's moot anyhow, because I am going to dismiss the -- the action because of noncompliance of Section 14.004 of the Civil Practice and Remedy Code and the F -- 202.1-F -- I mean 202.2-F, one or -- one and two.

So, Mr. Brocato, would you get me an order?

MR. BROCATO: Yes, Your Honor, I will.

THE COURT: All right. That --

MR. REGER: Can I have an appeal on this, sir?

THE COURT: You surely may.

11:18 MR. REGER: All right.

11:18 THE COURT: All right.

11:18 MR. REGER: Thank you, sir.

11:18 THE COURT: You're welcome.

11:18 MR. BROCATO: Thank you, Your Honor.

11:18 THE COURT: Bye.

(Proceedings adjourned)

STATE OF TEXAS

COUNTY OF HOCKLEY

I, Joy Annette Goodman, Official Court Reporter in and for the 286th District Court of Hockley County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record has been waived.

Joy Annette Goodman, CSR
Texas CSR 4741
Official Court Reporter
286th District Court
Hockley County, Texas
802 Houston, Suite 315
Levelland, Texas 79336
Telephone: (806) 894-6230
Expiration: 12/31/2006

J

# EXHIBIT "J"

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUMES

TRIAL COURT CAUSE NO. 02-06-104CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE CRIMINAL |
| VS. | ) | DISTRICT COURT NO. 3 |
| RUSSELL JAY REGER | ) | TARRANT COUNTY, TEXAS |

ABATEMENT HEARING

On the 14th day of August, 2006, the following proceedings came on to be heard in the above-titled and numbered cause before the Honorable Elizabeth Berry, Judge Presiding, held in Fort Worth, Texas, reported by machine shorthand utilizing computer-aided transcription.

Judy D. Miller, CSR
Official Court Reporter
Criminal District Court No. 3
Tarrant County, Texas