ORIGINAL CTJ

Case: 19-10662   Document: 00515591710   Page: 1   Date Filed: 10/06/2020
Case 4:07-mc-00033-A   Document 43   Filed 10/06/20   Page 1 of 2   PageID 561

FILED
October 06, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-10662
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 29, 2020
Lyle W. Cayce
Clerk

RUSSELL JAY REGER,

        Petitioner-Appellant

v.

JAMES K. WALKER; OUIDA STEVENS; HONORABLE ROGER JEFFREY WALKER; HONORABLE CLYDE R. ASHWORTH; HONORABLE KELLY G. MOORE; ANTHONY G. BROCATO; TARRANT COUNTY, TEXAS,

        Respondents-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:07-MC-33-A

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

    Russell Jay Reger, Texas prisoner # 747783, appeals the denial of his Federal Rule of Criminal Procedure 60(b) motion. He requested vacatur of the district court's 2007 order that denied his Federal Rule of Civil Procedure 27 petition to perpetuate testimony, which denial this court affirmed. *See Reger v. Walker*, No. 08-10083 (5th Cir. Feb. 26, 2009) (unpublished). He has also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moved to strike the brief filed by appellees Walker, Stevens, Walker, Ashworth, Moore, and Brocato or, in the alternative, to file an out-of-time reply incorporating verbatim the arguments made in his reply to the brief of appellee Tarrant County, Texas. Reger's Rule 60(b) motion sought recognition by the district court that his Texas murder conviction was void on account of the visiting trial judge's alleged failure to take the oath of office in contravention of the Texas Constitution. Reger argues that because his state court judgment of conviction was void, the district court lacked jurisdiction to entertain his earlier Rule 27 petition.

We review de novo the denial of a Rule 60(b)(4) motion challenging a judgment as void, *Jackson v. Fie Corp.*, 302 F.3d 515, 521-22 (5th Cir. 2002), and may affirm "on any grounds supported by the record." *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992). The district court's jurisdiction over Reger's Rule 27 petition was not predicated on the validity of his state court judgment of conviction. Subject matter jurisdiction is not a prerequisite for filing a Rule 27 petition; it is a prerequisite for only the contemplated action to be filed. *See Dresser Indus. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979). Reger has therefore shown no error on the part of the district court in denying Rule 60(b) relief.

AFFIRMED; MOTION TO STRIKE APPELLEES' BRIEF DENIED; MOTION IN THE ALTERNATIVE TO FILE AN OUT-OF-TIME REPLY GRANTED.